THE WESTERN UNION TELEGRAPH COMPANY V. R. S. EDSALL.

No. 6092.

1.  **Pleadings—Notice of Purpose of Telegram.**—In a suit against the defendant company for negligence in failing to send the message, "Meet me immediately with two horses at Buffalo Springs; bring Shep," the message actually delivered by the defendant company being, "Meet me immediately at Buffalo Springs; bring sheep," the petition alleged that plaintiff informed the agent of the defendant company who was in its office and in charge thereof that he wanted to telegraph to Joe Butler requesting him to bring the dog (named Shep) and meet him to assist in driving certain sheep bought by him in Cooke County to his ranch in Throckmorton County; *held:*

1.  That such allegation shows actual notice to the defendant that the dispatch was to get assistance for the purpose of driving sheep from Cooke to Throckmorton County, and expressly negatived a purpose of moving the ranch sheep, as was communicated by the message as delivered.

2.  Notice of the main purpose was sufficient to put defendant upon inquiry as to the attendant details, and it is chargeable with all it could have learned by such inquiries.

3.  From information that sheep were to be driven at a stated season of the year from Cooke to Throckmorton County the defendant was chargeable with notice of the intervening distance, character of country, expense of driving, effect of delay upon the sheep, etc.

2.  **Negligence.**—It can not be considered negligence upon part of Butler, the employe of plaintiff to whom the dispatch was addressed, that he obeyed the message he received and moved the sheep as directed.

3.  **Damages.**—See items of loss included as natural results of the act complained of as negligence.

APPEAL from Cooke.    Tried below before Hon. F. E. Piner.

This is an appeal from a judgment in favor of Edsall against the appellant for $3560.    This is a second appeal.    63 Texas, 668.    The report of the first appeal and the opinion here give full statement of the case.

*Stemmons & Field,* for appellant. — 1. Any object of the sender and

any failure to accomplish that object could not be included in the estimate of damages, unless the message disclosed or appellant's agent was notified at or prior to receiving the telegram for transmission of the object or purpose to be accomplished thereby, and the message in the case, "Meet me immediately at Buffalo Springs with two horses; bring Shep," indicated nothing more than that; and if appellant seeks to recover the damages sued for herein it must be based upon the allegation and proof that appellant had notice of the facts or object of the message beyond what is rhown by it.    The pleading demurred to fails to state any notice to appellant's agent.    Pacific Ex. Co. v. Darnell, 62 Texas, 639; Daniel v. W. U. Tel. Co., 61 Texas, 453; Baldwin v. U. S. Tel. Co., 45 N. Y., 744; Bartlett v. W. U. Tel. Co., 62 Me., 209; Hadley v. Boxendale, 9 Exch., 341; U. S. Tel. Co. v. Wenger, 55 Pa. St., 262; Manville v. W. U. Tel. Co., 37 Ia., 214; Tyler v. W. U. Tel. Co., 60 Ill., 421; U. S. Tel. Co. v. Gildersleeve, 29 Md., 232.

2.    If from the pleading contributory negligence is shown it becomes a question of law.    Said pleading shows that in acting on a message without seeking an explanation thereof, the chief object of which was for two horses and "Shep," an adjunct in taking the sheep through an uninhabited country, without food or shelter, was such contributory negligence as would preclude a recovery.    W. U. Tel. Co. v. Neill, 57 Texas, 283; State v. Powell, 44 Mo., 436; Douglas v. Stephens, 16 Mo. 362; Hoche v. Muscatine, 57 Ia., 444; Hagsler v. Oren, 61 Mo., 270; Van Leon v. Sco. Man. Co., 14 Att. P. N. S., 74; Gray's Tel. Law, sec. 76, p. 137; Hart v. Cable Co., 86 N. Y., 633; De Rutte v. Tel. Co., 1 Daly, 547.

3.    In acting on said message as delivered Butler was delayed, and said delay caused the injury to the West flock.    There can be no recovery, because he should not have started with the ranch sheep under the message as delivered.    2 Thomp. on Neg., sec. 25, p. 1178.

4.    The pleadings having presented the issue of contributory negligence, and there being proof thereunder, it presented an issue of fact to be found by the jury, and the court should have charged thereon.    2 Thomp. on Neg., sec. 13, p. 1239; Barkley v. Tarrant County, 53 Texas, 252; Johnson v. Timmons, 50 Texas, 521; W. U. Tel. Co. v. Edsall, 63 Texas, 669; W. U. Tel. Co. v. Foster, 64 Texas, 220.

*Potter & Hughes,* for appellee. — 1. The petition having alleged notice to appellant's agent of the purchase of the West sheep in Cooke County and the desire to move them to Throckmorton County and the wish for the dog to aid that purpose, sufficiently gave notice of the importance of the telegram as affecting the West sheep, and this information together with words of the message were sufficient to bring within the contemplation of the parties the damages that might result to the ranch sheep from a failure to perform the duty imposed upon defendant.    W. U. Tel. Co.

v. Edsall, 63 Texas, 677; Hadley v. Boxendale, 9 Exch., 341; Lenard v.. Tel. Co., 41 N. Y., 544; Tel. Co. v. Dryburg, 35 Pa. St., 298; Brown v. Lake Erie Tel. Co., 1 Am. Law Reg., 685; Parks v. Alta California Tel. Co., 13 Cal., 422; W. U. Tel. Co. v. Fenton, 52 Ind., 1; Rittenhouse v. Ind. Lin. of Tel., 44 N. Y., 464.

2. A telegraph company is liable to the sender of a message for all the damages that naturally and proximately result from the failure to perform the duty undertaken, and if the business to which the message refers is stated in a general way it will be sufficient to bring within the contemplation of the parties the damage that results. 44 N. Y., 264; 3 South. on Dam., 310, 311, 298 *et seq.;* 2 Thomp. on Neg.;, p. 850, sec. 14, p. 853, sec. 19, and cases cited.

3. If an agent be in charge of certain work or in the performance of a certain duty and he be ordered to do that work or perform that duty in a certain way, he can not be charged with contributory negligence if the order be intelligible and he use due care in complying with the same. Joel Butler was appellee's agent in the charge of the ranch sheep. He was ordered by the message as delivered to him to bring those sheep and meet appellee at Buffalo Springs. The order was easily understood—was. not ambiguous. Butler complied at once. The petition does not show that he knew the condition of the country through which he was going to pass, but that he did all that he could to prevent loss. Gray's Com. by Tel., sec. 75, p. 135; 2 Thomp. on Neg., sec. 3, *et seq.*, p. 1148, secs. 19, 24, p. 1173; Sherm. & Redf. on Neg., sec. 25.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for the negligent transmission of a telegraph message by appellant.

The message directed to be sent read:

"Meet me immediately with two horses at Buffalo Springs. Bring Shep."

As delivered it read:

"Meet me immediately with two horses at Buffalo Springs. Bring. sheep."

The message was sent from Gainesville, Texas, to Fort Griffin, Texas, and from there mailed to Throckmorton, Texas.

The plaintiff then owned and had on his ranch in Throckmorton County a flock of 2500 head of sheep. He had just purchased a flock of about thirteen hundred head in Cooke County which he proposed to drive to his ranch in Throckmorton County. The message was sent on the 20th day of January to one Joel Butler, who was the servant of plaintiff in charge of his sheep in Throckmorton County. *Shep* was a dog belonging to plaintiff and in charge of Butler, trained in the management of sheep. The purpose of the dispatch was to have Butler meet plaintiff on the way

between Cooke County and Throckmorton County in order that he might have his assistance and that of the dog in driving the purchased sheep (known as the West flock) to his ranch.

On account of the error in the dispatch as delivered to Butler, "sheep" instead of "Shep," Butler at once drove the Throckmorton or ranch flock of sheep to Buffalo Springs.

It is charged that the consequences of the mistake occasioned damage to both flocks and additional expense.

That by reason of the greatly longer time required for Butler to reach Buffalo Springs with the sheep than it would have done with the dog plaintiff was prevented from making connection or communicating with him, and for the want of his assistance and that of the dog he was greatly delayed in driving the West sheep and put to great additional expense, and that the longer exposure of the sheep and the more inclement weather on the last part of the route—that from Buffalo Springs to the ranch—the West sheep perished in great numbers; and that by reason of the ranch sheep being taken from their range, where they were well provided for, and driven to Buffalo Springs over a barren country where they could not get feed and were exposed to inclement weather, they perished in large numbers; and besides those of both flocks that survived were greatly injured and lessened in value; and that the dog would have greatly lessened the number of hands required, and at the same time have enabled plaintiff to complete the drive in a shorter time.

Judgment was rendered for plaintiff.

Appellant complains of errors committed by the District Court in not sustaining its exceptions to plaintiff's pleadings on the grounds:

1. Because they failed to charge that defendant had any notice of the object and purpose for which the telegram was sent further than shown by the telegram, and by it there was no notice that the damages sued for would follow a breach of the contract in transmitting and delivering the telegram.

2. Because they show on their face that in acting on the message as delivered there was such contributory negligence on the part of plaintiff's agent as precludes a recovery.

3. Because they do not show that defendant had any notice that plaintiff owned any sheep in Throckmorton County; that the dispatch did not give such notice, and no damages from that cause were in the contemplation of the parties when they made the contract.

4. Because the item of one hundred dollars damages or expense of driving sheep to and from the ranch to Buffalo Springs is not an element of damage because it was not in contemplation of the parties at the time the message was accepted for transmission.

Plaintiff alleges in his petition that when the dispatch was sent "he informed the agent of defendant who was then in its office and in charge

thereof, that he wanted to telegraph to Joel Butler requesting him to bring the dog and meet him to assist in driving the sheep purchased by him in Cooke County to his ranch in Throckmorton County."

This allegation shows that direct notice was furnished defendant that the object of the dispatch was to get assistance for the purpose of driving sheep on part of the journey from Cooke County to Throckmorton County, and the telegram as delivered directing that the ranch sheep should be taken to Buffalo Springs, there can not be a question of want of notice in either case. When notice of the main fact was given we think the defendant was chargeable with notice of every incidental fact that would attend the transactions that it could then have ascertained by the most minute inquiry. Notice of the main purpose was sufficient to put it upon inquiry as to the attendant details, and it is chargeable with all it could have learned by such inquiries. This rule, enforced in all cases, is emphatically applicable to telegraph companies.

The condensed methods of expression in use in their business require them to take notice of whatever the dispatch suggests, and if they need fuller information on the subject they should seek it, and if they do not do so they must be held, as we have suggested, to have all the knowledge that such inquiries could have elicited. In this case knowledge of the fact that the two herds were to be driven between known points at a stated season of the year would properly charge the company sufficiently with notice of the distances, character of the country, expense of driving, and effect of delay on the sheep, considering the weather and other things incident to driving flocks of sheep over the routes, to make it responsible for damages growing out of such causes or conditions.

We are unable to see in what consisted negligence on the part of Butler, the servant of plaintiff, in obeying a plain command to him to take the flock of sheep to Buffalo Springs. The dispatch contained no word inconsistent with that direction. It contained nothing to suggest a doubt of its entire accuracy. If he had entertained such a doubt he had no means of removing it. The dispatch had been brought to him by mail from the end of the telegraph line, and not having the means of immediately communicating with the sender, if that could have been required of him under any circumstances, he was under the necessity either of obeying or repudiating it. We do not think it can be fairly contended that under the circumstances it was not his duty to obey the message as he did.

Appellant complains that the court erred in its charges to the jury as follows:

1. In failing to submit to the jury the question of notice to defendant of any object to be accomplished by the telegram further than shown by itself, and as to whether damages to the sheep were in contemplation

of defendant when it received the telegram for transmission; and in failing to submit the question of contributory negligence.

2.   In charging that plaintiff might recover for loss on the West flock between Buffalo Springs and plaintiff's ranch, because all the evidence showed that Butler reached said destination before plaintiff did and plaintiff's loss was occasioned by his failing to meet Butler there.

In the main these objections are the same as those raised upon the exceptions to the pleadings and have no more merit in one view than in the other.   Moreover, in so far as they complain of the omission to give charges, those given by the court being found unexceptional, the omitted charges, even if they had been correct, ought to have been brought to the attention of the court.

With regard to the objection to the charge as to damages for driving the sheep between Buffalo Springs and the ranch, based upon the evidence that Butler arrived at the springs before plaintiff did, and that plaintiff not finding him there at all was his own fault, we think that on this point the evidence shows that plaintiff sent a messenger to meet Butler at Buffalo Springs and give him further instructions consistent with the original purpose, but on account of Butler being impeded by the ranch sheep, which he was driving, he was greatly delayed, leading to the messenger leaving the destination before he reached it.   From the same cause Butler when he arrived at the destination could get no information, and as for the want of food and shelter the sheep under his control were being greatly injured, he after waiting there a short time prudently returned with the sheep to the ranch, from which it resulted that he was not at Buffalo Springs when plaintiff reached that point with the other flock, and no communication was established between the two until afterwards.

As the record now stands, owing to portions of it having been stricken out on motion of appellee, there is nothing to support the remaining assignments of error discussed in the brief of appellant.

We think the judgment ought to be affirmed.

                                                                    *Affirmed.*

Delivered June 14, 1889.