The Western Union Telegraph Company *v.* Briscoe.

[No. 2,177.    Filed June 8, 1897.]

Telegraph Companies.—*Negligence.*—*Contract Exempting Company from Liability, Void.*—A contract between a telegraph company and the sender of a message absolving the company from liability for its negligence is void. *pp. 24, 25.*

Same.—*Failure to Deliver Telegram.*—*Mental Anguish.*—Damages caused wholly by mental anguish occasioned by the failure of a telegraph company to transmit a message may be recovered. *p. 25.*

Same.—*Failure to Deliver Telegram.*—*Negligence.*—*Proximate Cause.* —A telegram announcing the death of the mother of B, the sendee, was delivered several hours late.   B took passage on the first train, but by reason of a delay in the train he failed to arrive at his destination in time for his mother's funeral.   There was another, but indirect, railroad route which might have been taken by B had the telegram been promptly delivered; but it was not shown that such route would have been taken.   *Held,* in an action by B against the telegraph company, that B could not recover, as the proximate cause of the injury was the delay of the railroad train, and not the delay of the telegraph company in delivering the message. *pp.26–30.*

From the Monroe Circuit Court.   *Reversed.*

*J. H. Louden* and *Theodore J. Louden,* for appellant.

*J. R. East, W. H. East* and *R. G. Miller,* for appellee.

HENLEY, J.—At about the hour of 7 o'clock on the morning of November 4, 1895, one Phillip Briscoe, a brother of the appellee, placed in the hands of the appellant's agent at Morgansfield, Kentucky, a message directed to appellee, which message was as follows: "Morgansfield, Kentucky, Nov. 4, 1895. Sam Briscoe, Carpenter, Bloomington, Indiana—Your mother died at two this morning. Come immediately. Answer. Philip Briscoe."

The sender paid the charges for sending the message at the time it was placed in the hands of appellant's agent at Morgansfield, Kentucky, and said agent transmitted the message to Bloomington, Indiana, where the same was duly received on November 4, 1895, at eight o'clock and ten minutes a. m. Information of the contents of the message was received by the appellee about 1 p. m. of that day, and the message delivered to him about one hour later. Appellee took the train south on the afternoon of November 4, 1895, for the purpose of attending his mother's funeral. The train on the B. & O. S. W. R. R. was thirty minutes late at Vincennes, causing appellee to miss his connection there, and delaying him more than twelve hours; so that when he arrived at the home of his mother she had been buried, and he was thus prevented from seeing her or attending her funeral. The message was written upon a blank furnished the sender by the appellant. Within the sixty days' time allowed by one of the conditions printed upon the blank upon which the message was written, appellee gave appellant written notice of his claim, and demanded payment, which being refused, he began this action in the lower court by a complaint, in one paragraph, claiming damages in the sum of five hundred dollars on account of the negligent failure of appellant to deliver the message to appellee within a

reasonable time after its receipt at Bloomington. To this complaint the court overruled a demurrer, and appellant answered in four paragraphs. The first was a general denial. The second pleaded one of the conditions of the contract entered into by the sender. The second paragraph of the answer is as follows:

"Second paragraph. And for further answer herein, said defendant says that said message mentioned in the complaint of said plaintiff was sent under a special contract and agreement, a copy of which is filed herewith and made a part hereof, marked 'exhibit A;' that by virtue of said contract said defendant was not to be liable for mistakes or delays in the transmission or delivery or nondelivery of any unrepeated message beyond the amount received for sending the same; the message mentioned in said plaintiff's complaint was an unrepeated message; that said defendant, before the commencement of this suit, offered to pay to said plaintiff forty cents, the amount paid for the transmission of said message, and now pays the same into court for said plaintiff.

"Wherefore said defendant demands judgment for costs."

The third and fourth paragraphs of answer both set up facts in relation to the delivery of the message, showing, in the judgment of the lower court, diligence and excusable delay in the delivery of the message. A demurrer was sustained to the second paragraph of the answer, and overruled to the third and fourth. A reply was filed, and upon the issue thus joined a trial was had by jury, and a special verdict by way of answers to interrogatories was returned. Both parties, by proper motion, demanded judgment upon the special verdict. The motion of appellee was sustained. Appellant moved for a new trial, which was overruled, and judgment rendered in favor of appellee for four hundred and forty dollars.

The first error assigned by appellant questions the ruling of the court upon the demurrer to the complaint. The error of the lower court, if any, in overruling the demurrer to the complaint, is waived on account of the failure of appellant's counsel to discuss it.

The second cause assigned, "That the court erred in sustaining the demurrer of the appellee to the second paragraph of appellant's answer," has no merit under the decisions of the Supreme Court of this State. *Western Union Tel. Co.* v. *Meek*, 49 Ind. 53; *Western Union Tel. Co.* v. *Fenton*, 52 Ind. 1; *Western Union Tel. Co.* v. *Adams*, 7 Ind. 598; *Western Union Tel. Co.* v. *Meredith*, 95 Ind. 93.

We next come to the consideration of the action of the court in rendering judgment upon the verdict in favor of appellee and against appellant. We assume that in rendering the judgment for appellee upon the facts found by the special verdict, it was the judgment of the lower court that the facts so found established the negligence of appellant, and the absence of negligence upon the part of appellee. We assume, also, that the facts pleaded in the third and fourth paragraphs of appellant's answer were considered by the lower court, either as defenses necessary so to be pleaded, or, if the facts so pleaded therein were admissible under the general issue, they would, if found by the jury to be true, constitute a complete defense to the action. This is one of those cases where the damage sustained by the claimant is wholly such damage as is caused by mental anguish occasioned by the failure to transmit the message, no pecuniary loss being shown, or attempted to be shown, other than the cost of the message. It is settled in this State that there may be such recovery. *Reese* v. *Western Union Co.*, 123 Ind. 294; *Western Union Tel. Co.* v. *Strate-*

*meier*, 6 Ind. App. 125; *Western Union Tel. Co.* v. *Newhouse*, 6 Ind. App. 422.

Upon this point the writer of this opinion, speaking for himself, believes that the cases last cited are against the great weight of authority in this country, and are not sustained by sound reasoning.

The facts properly found by the jury were that appellant, a corporation, owned and operated a line of wires, used in telegraphing; that Morgansfield, Kentucky, and Bloomington, Indiana, were stations on said line; that appellee's mother died at 2 a. m. on the 4th day of November, 1895, at the home of Philip Briscoe, appellee's brother; that Philip Briscoe delivered to appellant's agent at Morgansfield, Kentucky, at 7 o'clock a. m., November 4, 1895, the message sued upon; that said Philip Briscoe paid the money for transmitting the same prior to its transmission, and the said message was, as soon as received at Morgansfield, Kentucky, transmitted to Bloomington, Indiana, and was, at 8:10 a. m., received by appellant's agent at Bloomington, Indiana; that appellee lived within a half mile, and his shop was within one mile of appellant's office in Bloomington; that one Ernest Jackson was the manager of appellant's office at Bloomington; that said message was the first one received by him on said date; that the appellee was in his shop on said date, from about the hour of 8 o'clock a. m. until the hour of 11 o'clock a. m., and that appellant did not deliver the message to him until after the hour of 1 o'clock p. m. on said date; that appellant's messenger boy, upon said day, and prior to the delivery of the message sued on, had delivered from six to ten other messages received after this message was received; and that appellee did not receive the message sued on until after 1 o'clock on the 4th day of November, 1895; that the appellee could have taken a train by way of

Gosport, on said day, and reached Morgansfield, Kentucky, about the hour of 10 o'clock a. m., November 5, 1895; that the north-bound train which would have conveyed appellee to Gosport, passed the station of Bloomington at 11 o'clock a. m., and that the message sued on was not delivered to appellee until long after that time; that appellee, as soon as he received the message, took the first train for Morgansfield, Kentucky, but did not reach such place until four hours after his mother was buried; that written demand was made on appellant for five hundred dollars, the amount stated in this action, on December 2, 1895; that appellee's mother was buried at 4 o'clock p. m., on November 5, 1895; that appellant's special messenger William Stout, did not know appellee, and did not know where he resided or where he worked; that after receiving the message, the said special messenger inquired at the postoffice in Bloomington where appellee resided, and where he could find him; that he also inquired of Walter Neele, a carpenter by trade, as to where appellee resided, and if he knew where he could be found; that the same inquiry was addressed to various other citizens of Bloomington, who were well acquainted with the city and its people, and had resided in it for a great number of years, but that the messenger received no definite instructions by which he could locate the appellee; that the appellee took the train south to go to Morgansfield, Kentucky, on the afternoon of November 4, 1895, and that this was the route he had taken when going to Morgansfield on previous occasions; that the train on the B. & O. S. W. R. R., over which said Briscoe traveled on November 4, 1895, from Mitchell, Indiana, to Vincennes, was thirty minutes late; that had said train been on time on said date the said appellee would have had ample time to wait at Vincennes for his train to Evansville,

Indiana, and if the said B. & O. S. W. train, over which said Briscoe traveled on said date, had reached Vincennes on time, the said appellee would have reached Morgansfield, Kentucky, about 6 o'clock p. m. upon the same day of his departure from Bloomington; and that the said railroad train was not late by reason of any fault or negligence of appellant; that if the message had been delivered before 11 o'clock a. m. on the morning of the 4th of November, 1895, appellee could have taken the 11 a. m. train going north to Gosport, and by the connections made there could have reached Morgansfield, Kentucky, about the hour of 10 o'clock a. m., November 5, 1895.

The jury nowhere finds that appellee *would* have taken the north-bound train at 11 o'clock a. m., November 4, 1895, if the message had been delivered to him prior to that time; but they do find that appellee *could* have taken said train, and arrived at Morgansfield, Kentucky, at 10 a. m., November 5, 1895. This north-bound train by which appellee could have left his home and taken another road at Gosport, and made the various changes which were necessary for him to arrive at Morgansfield, Kentucky, would not, according to the finding of the jury, have taken appellee to his destination until twelve or fourteen hours later than the route over which he did travel, providing the trains had not been late. Is it not reasonable to suppose that appellee, knowing this, would most certainly prefer that route which would take him to his destination the soonest, and the route over which he was accustomed to travel? Leaving aside the question of whether or not there was negligence in the delayed delivery of the message to appellee, if the message was in fact delivered to him in time for him to take the quickest and most direct route, the one over which he was accustomed to travel, and the one which

he did in fact take, can it be said that the negligence
of the company, if any, produced the effect for which
appellee claims damages? Was the injury complained
of proximately caused by appellant's failure to deliver
the message within a reasonable time?

The proximate cause of an event has been thus de-
fined: "That which in a natural and continuous se-
quence, unbroken by any new cause, produces that
event, and without which that event would not have
occurred." A remote cause is defined as "One which
has so far expended itself that its influence in pro-
ducing the injury is too remote for the law's notice, or
a cause which some independent force merely took
advantage of to accomplish something not the natural
or probable effect thereof." 19 Am. and Eng. Ency. of
Law, p. 300.

Appellee's failure to arrive at Morgansfield in time
to attend the funeral of his mother caused the mental
anguish for which alone he is seeking to recover. The
fact that the train upon which he took passage was
late was the sole cause of his failure to arrive in time.
The fact that the message was not delivered to him
until after 1 o'clock p. m., on November 4, 1895, could
not be said, under the facts found by the jury, to be
even the remote cause of appellee's failure to arrive
at his destination in time for his mother's funeral.
The sole and proximate cause of appellee's failure to
arrive at Morgansfield in time, was the fact that the
train upon which he took passage was delayed, by
reason of which delay he missed his train at Vin-
cennes; had that not been the case, he would have
arrived at his brother's house on the evening of the
same day upon which the message was sent, and upon
which his mother died. While, if he had taken the
route which the jury says he *could* have taken, he
would not have arrived until 10 o'clock the next
morning.

Without considering whether or not the facts found by the jury establish negligence upon the part of appellant, this cause must be reversed, because the facts so found show that appellant's negligence, if any, was not the proximate cause of appellee's alleged injury.

. This cause is reversed, with instructions to the lower court to render judgment upon the special verdict in favor of appellant.