CASE 7.—ACTION BY ALICE CALDWELL AGAINST THE WESTERN UNION TELEGRAPH CO. FOR FAILURE TO DELIVER TELEGRAM.—June 5.

# Western Union Telegraph Co. v. Caldwell

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant appeals. Affirmed.

1.  Telegraphs—Operation—Actions for Damages—Questions for Jury.—In an action against a telegraph company for failure to deliver a message notifying plaintiff of her brother's death, where the evidence showed that the brother was buried the same evening before she could have reached the place, but if she had received the telegram she would have telegraphed to delay the funeral, and her wishes would have been complied with, and she could have been present at the funeral, defendant's failure to deliver the message was sufficiently the proximate cause of plaintiff's inability to attend the

Western Union Telegraph Co. v. Caldwell.

funeral, and consequent grief, to warrant the submission of that issue to the jury.

2. Same—Verdict—Excessive Damages.—In an action against a telegraph company for failure to deliver a message notifying plaintiff of her brother's death, whereby she was prevented from attending his funeral, a verdict for $1,000, though more than should have been awarded, is not so excessive and palpably unjust as to warrant a reversal.

RICHARDS & QUARLES for appellants.

GEORGE H. FEARONS, ROBBINS, THOMAS & TYLER of counsel.

### POINTS AND AUTHORITIES CITED.

1. Where the plaintiff could not have attended a funeral, even if the telegram announcing the death had been promptly delivered, there can be no recovery, Howard v. W. U. Tel. Co., 27 Ky. Law Rep., 244.

2. Defendant can not be held liable on the theory that plaintiff would have telegraphed to request a postponement of the funeral; Taliaferro v. W. U. Tel. Co., 21 Ky. Law Rep., 1290; Smih v. W. U. Tel. Co., 83 Ky., 104; Chapman v. W. U. Tel. Co., 90 Ky., 265; Cumberland Telephone & Telegraph Co. v. Atherton, 28 Ky. Law Rep., 1100; W. U. Tel. Co. v. Linn, 26 S. W., 490; W. U. Tel. Co. v. Motley, 27 S. W., 52; W. U. Tel. Co v. Stone, 27 S. W., 144.

3. The verdict is excessive: No precedent for one of its size under similar circumstances.

RONEY & SMITH for appellee.

### POINTS AND AUTHORITIES.

1. The undisputed evidence shows that the telegram in question was sent in ample time for the plaintiff to have attended her brother's funeral.

2. The evidence further shows that the plaintiff lived within one hundred yards of the telegraph office at Hickman, Ky., to where it was sent.

3. The telegram, though sent in ample time, was never delivered.

4. The jury saw the witnesses, heard the evidence and were properly instructed, and the verdict is not excessive.

CITATIONS.

Western Union Tel. Co. v. Parsons, 24 Ky. Law Rep., 2008; 72
S. W., 800; same v. Lacer, 93 S. W., 34; 24 Ky. Law Rep., 379.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This appeal is prosecuted from a judgment of the
Fulton circuit court, entered upon a verdict in favor
of appellee, who recovered damages for mental an-
guish suffered on account of being prevented from
attending the funeral of her brother, due to the fail-
ure of appellant to deliver a telegram sent her an-
nouncing his death. The deceased died at Newark,
Arkansas, and appellee lived in Hickman, Kentucky.
The telegram in question was promptly sent by the
operator at Newark, and in due course of transmis-
sion should have been delivered to appellee about 10
o'clock on the morning of August 14th, but was lost
in transmission and not received by her at all, and she
did not learn of her brother's death until several days
afterwards. Her brother died early on the morning
of the 14th, and his family, not hearing from appellee,
buried him on the evening of that day. If a reply to
the message had been received by them, they could
and would have deferred his interment until the fol-
lowing day. Had appellee received the message in
due time, she could have reached Newark at 3 o'clock
on the morning of the 15th, and over the objection of
appellant she was permitted to testify that upon re-
ceipt of the message she would at once have tele-
graphed the family not to bury her brother until after
her arrival on the 15th, and the evidence leaves no
room to doubt that her request in this respect would
have been complied with. If the message had been
delivered in a reasonable time after its reception,

appellee could not have reached her brother's residence in time for the funeral if it took place on the day the message was sent. It will thus be seen that her case rests upon the proposition that, if the message had been received, she would at once have telegraphed the family to keep the remains until her arrival on the following day, and they could and would have complied with her request.

That appellant was guilty of negligence is not denied. Its duty was to have delivered the message within a reasonable time after receiving it, and this obligation it failed to discharge. Appellee's right of action to recover damages is predicated upon the theory that the failure of appellant to deliver the message announcing her brother's death was the ordinary and natural cause of her inability to attend his funeral, and her grief resulting therefrom; and the establishment of this fact lies at the very foundation of her case. As the funeral took place at a time which would have made it impossible for appellee to be present, even if the telegram had been transmitted and delivered without delay, it is argued for appellant that the failure to deliver it could not have been the proximate cause of appellee's inability to attend the funeral and view the remains of her brother, as whether she would have done this or not, if the telegram had been received in due time, depended on the contingencies that she would at once have telegraphed the family to keep the remains until her arrival and that they would have respected her wishes. It is insisted that these intervening acts that must necessarily have been performed to enable appellee to be present at the funeral removed the result so far from the cause that the injury complained of could not be considered the probable or proximate conse-

quence of it, and that the conditions upon which appellee's deprivation of the comfort of seeing her brother were too uncertain to permit a recovery of more than nominal damages in her behalf. In support of this view our attention is called to Chapman v. Western Union Telegraph Company, 90 Ky. 265, 12 Ky. Law Rep. 265, 13 S. W. 880. There Chapman, for the failure to deliver to him a telegram announcing the serious illness of his father, and also a telegram announcing the death of his father, sought to recover damages, not only for injury to his feelings by being prevented from attending his father in his last illness and being present at his burial, but for a pecuniary loss he claimed to have sustained by not receiving a donation that his father would have made him if he could have seen him in his last illness. The court rejected his claim for damages growing out of the alleged pecuniary loss, saying that it did not naturally follow that if the telegram had been promptly delivered he would have received the donation, that his father might or might not have given it, and that such loss was not within the contemplation of the parties at the time the message was sent, nor could it have anticipated that such a loss would arise from a breach of the contract. In Smith v. Western Union Telegraph Company, 83 Ky. 104, 7 Ky. Law Rep. 22 and 255, 4 Am. St. Rep. 126, Smith, who was speculating upon the New York stock market, failed to receive a telegram relating to stock transactions in which he was interested, and, alleging that if the telegram had been delivered in due time he would have kept his margin good and saved himself from the loss of several thousand dollars, he sought to recover in damages from the company. In affirming the judgment awarding Smith nominal damages, the court rested its conclusions

upon the ground that the damages sought to be recovered were too remote; that they did not flow naturally from the failure to deliver the telegram, and in the ordinary course of events could not have been expected to arise from its non-delivery; and the injury complained of was not contemplated by the parties at the time the contract for the transmission of the message was entered into, nor did the contents of the message inform the company of the probable action Smith would take upon its receipt.

The case at bar is easily distinguishable from the two mentioned. Here the telegram on its face furnished information of its serious import, and was notice to the company that its prompt delivery was important; and it may fairly be said to have been within the contemplation of the parties at the time the message was received that the failure to deliver it within a reasonable time would greatly grieve and distress the addressee. It is also reasonable to assume that a person to whom a message of this character is transmitted will promptly take some action in relation to it. The evidence is uncontradicted that Mrs. Caldwell would and could have promptly sent a telegram requesting that the funeral be deferred until her arrival, and that her wishes would have been respected. The contingency upon which she might have enjoyed this comfort was not remote or speculative. It is true intervening steps must have been taken, and independent causes set in motion. But there is no reasonable doubt concerning what she and the family of deceased would have done, had the message been delivered. The appellant undertook to transmit and deliver to the addressee without unreasonable delay this message, and should be held liable for the consequences of its negligence

that in the usual course of events and according to human experience were likely to ensue, and which from the nature of the message might have been anticipated with reasonable certainty. We might not be sure what course would be pursued upon notice involving pecuniary or financial transactions, or upon notice that certain stocks and bonds were falling or rising, or upon information concerning ordinary speculative ventures. But what appellee would have done upon receipt of this message, when measured by the ordinary rules of human experience, and judged by the standards that regulate the conduct of people generally, is not of doubtful or uncertain import. Thompson on Negligence, section 2456; McPeek v. Western Union Telegraph Co., 107 Iowa, 356, 78 N. W. 63, 43 L. R. A. 214, 70 Am. St. Rep. 205. In a case like this, appellant, confessedly guilty of negligence, will not be permitted to escape responsibility for its acts upon the theory that what appellee might have done was too remote to entitle her to compensation. Telegraph companies are common carriers. They owe a duty to the public and all persons using their lines, and the failure to deliver a telegram within a reasonable time after its reception is more than a mere breach of contract. It is an omission to perform a duty resting upon it as a public servant. Cashion v. Western Union Telegraph Co., 124 N. C. 459, 32 S. E. 746, 45 L. R. A. 160; Reese v. Western Union Telegraph Co., 123 Ind. 294, 24 N. E. 163, 7 L. R. A. 583. When appellant failed to deliver to appellee the telegram, she was deprived of all opportunity to act; and, as it is fair to assume that appellee could and would have taken such action as would enable her to be present at the funeral if the message had been promptly delivered, it was proper for the court to submit to the

jury whether she was deprived of this privilege by appellant's delay in transmitting and delivering the message. Western Union Telegraph Company v. Parsons, 72 S. W. 800, 24 Ky. Law Rep. 2008.

The recovery of $1,000 in damages is more than should have been awarded; but we do not feel disposed to reverse because the amount seems to be excessive. It is extremely difficult—in fact, we might add, impossible—to fix any certain standard of recovery in cases of this character. In the very necessity of the case, the amount must be left to the judgment and discretion of the jury; and, unless their award is so excessive as to be palpably unjust, it will not be disturbed.

The judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.