CASE 17.—ACTION BY W. D. SUTTON AGAINST THE WEST-
ERN UNION TELEGRAPH COMPANY FOR DELAY
IN DELIVERING A DEATH TELEGRAM.—May 27.

## Sutton v. Western Union Tel'g Co.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

From a judgment on a directed verdict for defend-
ant, plaintiff appeals.—Reversed.

1.  Trial—Reception of Evidence—Necessity of Making Objections.
—Where incompetent evidence is introduced without objection,
such evidence may properly be considered by the jury, al-
though the court would have been bound to exclude it had
objection been made.

2.  Telegraphs and Telephones—Delay in Delivery of Message—
Actions—Presumptions.—Though, in an action for delay in
delivering a telegram that the mother of the addressee was
dead and telling him to come at once, there was no direct
statement in evidence that the person to whom it was sent
would have taken the first train after receiving the message,
the reasonable presumption would be that he would take the
first train after receiving the telegram if it had been delivered
in time, especially in view of the fact that he did take the
first train after the delivery was made.

3.  Same—Proximate Cause of Injury.—Negligence of a telegraph
company in failing to deliver within a reasonable time a tele-
gram ,informing the addressee of his mother's death, whereby
he missed two trains by which he might have gotten to his
dead mother in time for the funeral, was the proximate cause
of his failure to arrive in time therefor, though after the
telegram was finally delivered he did get a train which ordi-
narily would have brought him in time for the funeral, but
which by reason of a slip in the earth ahead of the train was
delayed in its progress, so that he was unable to get there,

where the slip in the earth occurred after the two trains which he could otherwise have taken had passed.

ROSCOE VANOVER for appellant.

## POINTS CONTENDED FOR BY APPELLANT.

1. A death message upon its fact, furnishes information of its serious import, and was notice to the company that its prompt delivery was important, and requires more than ordinary diligence.

2. If the addressee is absent, it is the duty of the telegraph company to deliver it to his wife, or to home, or to his place of business. (Commentaries on the Law of Negligence, by Seymour D. Thompson, vol. 2, pp. 986-988; Western Union Telegraph Company v. Clark, 14 Tex. Civ. App., 563; Western Union Telegraph Company v. Woods, 56 Kan., 737; Given v. Western Union Telegraph Company, 24 Fed. Rep., 119; Western Union Telegraph Co. v. Mitchell, 40 L. R. A., 209.)

3. If appellant was prevented from being present at the funeral by a slip on the N. & W. Railway, this did not excuse appellee of negligence in delivering the telegram on Friday, December 28th, 1906, so that appellant could have started Saturday morning, and made connection with No. 16 N. & W. train ,which ran before the slip came on the N. & W. track. (Western Union Telegraph Company v. Caldwell, 31 Ky. Law Rep., 497.)

4. If there is a conflict as to the testimony as to whether or not appellee was negligent in attempting to deliver the telegram, this was a question alone for the jury, and the court erred in peremptorily instructing the jury to find for the defendant. (Postal Telegraph Cable Company v. Pratt, 27 Ky. Law Rep., 430.)

RICHARDS & RONALD for appellee.

GEO. H. FEARSONS, YORK & JOHNSON of counsel.

1. The burden is on the plaintiff to show that the negligence complained of was the proximate cause of his injury. In Howard v. Western Union Tel. Co., 27 Ky. Law Rep., 247, this court, by Judge Settle, said: "The burden was upon appellant to prove not only that appellee was guilty of negligence in transmitting, or delivering, the telegram, but in addition that such negligence was the proximate cause of his failure to reach the bedside of his son before the latter's death." The above is but the application of a well established doctrine to telegraph cases.

2. In order to make out a case it was incumbent upon plaintiff

to prove: (a) That the message would have been forwarded to him; (b) that it could actually have been delivered to him in time for him to have taken an earlier train than he did take. On both points there is a total and absolute failure of proof.

3. We believe a fair consideration of the whole testimony will lead to the conclusion that defendant used due diligence to deliver the message at plaintiff's office and residence, but for sake of the present argument will assume it to have been derelict of duty in this regard. The trial court held that there was no evidence tending to show that the failure to deliver the message at the office or residence of plaintiff on the 28th was the proximate cause of his failure to be present at the funeral of his, mother.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant resided in Pikeville, Ky., and his parents in East Radford, Va. Appellant's mother died in her home on December 27, 1906, and on that day his, father directed to him the following telegram: East Radford, Va.   December 27-06.   To W. D. Sutton, Pikeville, Ky.   Mother dead, come at once.   (Signed) G. W. Sutton.'' It appears from the evidence that this telegram reached Pikeville Friday morning, December 28th.  It was not delivered to appellant until Saturday morning after 10 o'clock; and he boarded the first train leaving for East Radford, which was a few minutes after 12 o'clock that day, and would have reached his destination about the same hour on Sunday but for an accident, the slip of earth onto the track in a cut, but he did not reach his destination until about 8 o'clock Sunday evening.  His mother was buried about 2 o'clock in the afternoon.

During the trial it developed that this message was not received in Pikeville by appellee until 10:10 o'clock Friday morning, December 28th.  Appellant in his petition had only charged negligence in failing to deliver it promptly after it was received at that office; but offered an amended petition in which he alleged

that the defendant was also guilty of negligence in transmitting the message to Pikeville. The court refused to allow him to file this amended petition, to which he excepted. When the telegram was received at appellee's office in Pikeville, appellant was about 11 miles from home, at one of his lumber mills, and did not return to his home until 10 o'clock on Saturday, the 29th of December. Appellant does not contend that the telegraph company was under any duty to deliver the message to him while he was in the country; but claims that it should have delivered it at his home or his office in the city, which were near to appellee's place of business. Appellee concedes that the law required it to so deliver the telegram. But it proved by its agent that it made repeated efforts to do this; that its agent went in person to the residence of appellant and also to his office, and made an effort to call up both places by telephone for the purpose of giving him information of the contents of the telegram. Appellant introduced testimony contradicting this; that is, that the agent made no call for the residence or place of business of appellant. . Persons who were at appellant's office and residence during the day testified that the agent did not make a visit to either of the places during the day. Appellee concedes that the evidence upon this point was sufficient to have warranted the submission of the case to the jury. The testimony shows that on Saturday morning, the 29th, a friend of appellant's J. L. Morgan, was in the telegraph office and accidentally saw this telegram, and, upon his request, the same was given to him and he delivered it to the wife of appellant, who immediately started a person to deliver it to her husband at the mill. Her husband left the mill, however, before the mesenger arrived, and received the information of

his mother's death from his wife when he reached
Pikeville.  Appellee's counsel claims that there was no
competent evidence that the wife started this messen-
ger to her husband in the country.  This is true.  How-
ever, appellant gave testimony to this effect, and it
was not objected to.  We have no doubt, if there had
been an objection, that the court would have excluded
it, but there being none the testimony was properly
before the jury for its consideration.  If there had
been objection, appellant would, most probably, have
introduced the messenger or some other person who
knew the fact.  The evidence also shows, without con-
tradiction, that a train passed Pikeville going to East
Radford in the evenig of Friday, December 28th, that
reached East Radford about 10 o'clock Saturday
morning, and also another left Pikeville at 6:20 a. m.
on Saturday, the 29th, that reached East Radford at
10 o'clock that night.  Both of these trains passed
through the cut before the slip of earth onto the track.
Appellee says that there is no positive proof that
appellant would have taken either of these trains if
he had received the telegram in time.  It is true that
there was no direct statement made that he would
have taken the first train after receiving the message;
but the whole case was conducted upon that idea.  Both
appellant's and appellee's counsel seems to have as-
sumed, by their manner of conducting the case and the
answers of appellant to questions, that he would have
responded to the telegram and have gone at the first
opportunity to see his dead mother; and, from the evi-
dence, the reasonable presumption is that he would
have gone on the first train after receiving the tele-
gram.  This court in the case of Western Union Tele-
graph Co. v. Caldwell, 126 Ky. 42, 102 S. W. 840, 31
Ky. L. R. 497, 12 L. R. A. (N. S.) 748, said: ''But what

appellee would have done upon the receipt of this message, when measured by the ordinary rule of human experience, and judged by the standards that regulate the conduct of people generally, is not of doubtful or uncertain import. * * * In a case like this appellant, confessedly guilty of negligence, will not be permitted to escape responsibility for its acts upon the theory that what appellee might have done was too remote to entitle her to compensation.''

The real question to be determined in the case is whether the negligence of appellee in the failure to deliver the message within a reasonable time was the proximate cause of appellant's injury and suffering, or whether the slip in the earth ahead of the train upon which he took passage was the proximate cause. It appears that the lower court took the latter view of it, and gave a peremptory instruction to the jury to find in behalf of appellee. There are some few authorities in other States that tend to coincide with this view; but this court has invariably held to the contrary. It will not do to say that a public service corporation may be guilty of negligence, as in this case, withholding a telegram for a very unreasonable length of time, which caused appellant to miss two trains, either of which he would have gone on and which reached East Bradford before the slip in the cut, and by its negligence force him to take the last chance, and by reason of the slip was deprived of seeing his mother, and be exonerated from its negligence by reason of the accidental slip which prevented the train on which he was forced to start by reason of the negligence of appellee from reaching East Radford in time for the burial.

The case of Cassilay, etc., v. Young, etc., 4 B. Mon. 265, 39 Am. Dec. 505, was one where Cassilay, etc.,

agreed to deliver a cargo of goods in Vicksburg without delay; but, for some reason satisfactory to themselves, they stopped the cargo, and tied it up to the bank at Paducah for a few days. A storm arose which caused the cargo to sink, and the action was brought to recover the value of it. They were compelled to pay the value of the cargo by reason of their negligence in tying it up to the bank at Paducah. The court said: "By reason of the disregard of their duty and of their conduct, we are of the opinion that they are liable for the loss." The storm in that case was as much the proximate cause of the loss of the cargo as the slip in the earth which covered the track was in the case at bar. The case of Louisville & Nashville Railroad Co. v. Brownlee, etc., 14 Bush, 590, was one in which appellee delivered several hogsheads of tobacco at appellant's depot in Rowlett's Station, to be carried as freight by appellant to market. This tobacco was destroyed by fire, together with the station house in which it was placed. The proof showed that, if appellant's agent had exercised ordinary care, he could have shipped several of the hogsheads before the fire. Appellant in that case claimed that the destruction of the tobacco by fire was the proximate cause of the loss. The court said: "We think the appellant was only bound to use ordinary care and prudence in providing a depository for appellee's tobacco, and also such care and prudence in shipping it"—and continued by saying that certain instructions were proper, and said: "If the appellant could, by the use of ordinary diligence, and in the regular course of its freight business, have shipped the tobacco before its consumption by the fire, it is responsible for its failure to do so." In the case of Hernsheim Bros. & Co. v. Newport News & Missis-

sippi Valley Co., 35 S. W. 1115, 18 Ky. Law Rep. 227, appellants delivered to appellee, the railroad company, 35 hogsheads of tobacco for shipment. In the petition it was alleged that the railroad company carelessly and negligently failed to ship the 35 hogsheads of tobacco within a reasonable time; that, by the use of ordinary diligence, defendant could have shipped all of said tobacco before its destruction by the fire on October 8, 1891. The court said: "It seems to us that the allegations of the petition clearly show that the loss was the direct result of the negligence and carelessness of appellee. If appellee had shipped the tobacco immediately as it agreed to do, the loss by the fire could not have occurred, and as they had taken it into custody and agreed to immediately ship the same and could have done so, it seems to us that appellee is liable for the damages sustained by the appellants"— and referred to the case of L. & N. R. R. Co. v. Brownlee, supra, with approval. There was no claim in that case that the fire which destroyed the tobacco was started by the negligence of appellee or its servants. The question turned upon the negligence of appellee in failing to ship the tobacco as it had agreed to do. If it had lived up to its agreement, the tobacco would not have been in the depot and have been destroyed when the depot was burned. According to appellee's contention, the loss of the tobacco by fire was the proximate cause of the loss to appellant, and not the railroad's negligence in failing to ship it.

Appellee's counsel cites the case of Western Union Telegraph Co. v. Briscoe, 18 Ind. App. 22, 47 N. E. 473, in support of his contention. The facts of that case were, in substance, as follows: A message was sent from Morganfield, Ky., to Bloomington, Ind., where it arrived at 8 o'clock a. m., and was delivered

to appellee about 1 o'clock in the afternoon.   Appellee
boarded the first train going the most direct route to
Morganfield.   His train was delayed in Vincennes,
Ind., which caused the train he was on to miss con-
nection at other points, and appellee was delayed 10
or 12 hours, and did not arrive in Morganfield until
after his mother was buried.   The proof showed that,
if the telegram had been delivered to him before 10
o'clock of the day on which it reached Bloomington,
he could have taken a train on another road and have
gone to Goshen, and there taken another train and
made several other changes and have reached Morgan-
field in time for the burial; but the proof showed that
he had never traveled this route, but had always gone
over the one he did take.   The proof also showed that
this Goshen route was from 12 to 14 hours longer than
the one he did take, and on the one he did take, if he
had not been delayed, he would have reached Morgan-
field several hours in advance of the other.   The court
said: "Is it not reasonable to suppose that appellee,
knowing this, would most certainly prefer that route
which would take him to his destination the soonest,
and the route over which he was accustomed to
travel?"  The case was turned upon the fact that
appellee under the facts and circumstances proven
would have gone on the same train that he did go on;
that he would not have gone by Goshen, even if the
telegram had been delivered to him within a few min-
utes after it was received in Bloomington.   It does
not decide that, if by the negligence of appellant in
delivering the message to appellee he had missed a
train in the morning going to Morganfield on the route
which he afterwards took, he would have been barred
from recovering, but the intimation is otherwise.

    For these reasons the judgment of the lower court

is reversed, and, on the return of the case, if appellant so desires, he should be allowed to file his amended petition.