WESTERN UNION TELEGRAPH CO. v. JOHNSTON. (No. 46–2710.)

(Commission of Appeals of Texas, Section A. April 2, 1919.)

1. TELEGRAPHS AND TELEPHONES ⚙═38(6) — DEATH MESSAGES—DELAY—NOTICE OF RELATIONSHIP.

A telegraph message by R. to J. that "mother died at 6:30 p. m." was on its face sufficient to give the telegraph company notice that deceased and J. were mother and son.

2. TELEGRAPHS AND TELEPHONES ⚙═38(6)— DEATH MESSAGES—DELAY—NOTICE OF RELATIONSHIP.

In an action against a telegraph company for delay in failing to deliver a message to a son that his mother is dead, it is not necessary that the company have distinct notice of the relationship, where the language of the message itself puts the company on inquiry.

3. TELEGRAPHS AND TELEPHONES ⚙═38(6)— DEATH MESSAGES — DELAY — CONSTRUCTIVE NOTICE.

A message from R. to J. that "mother died at 6:30 p. m." charged the telegraph company with notice that J. would probably desire to attend the funeral, and should have anticipated that he would have sent a message requesting postponement.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by P. A. Johnston against the Western Union Telegraph Company. A judgment sustaining a general demurrer to the petition was reversed by the Court of Civil Appeals (167 S. W. 272), and defendant brings error. Affirmed as recommended by the Commission of Appeals.

N. L. Lindsley, of Dallas (Geo. H. Fearons, of New York City, of counsel), for plaintiff in error.

Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for defendant in error.

TAYLOR, J. This suit was for damages for failure of the Western Union Telegraph Company, defendant, to promptly deliver to the plaintiff, P. A. Johnston, a telegram announcing the death of his mother, whereby he was prevented from attending her funeral. The message is in the following language:

"Garner, No. Carolina, Dec. 25–12.
"P. A. Johnson, Dallas, Texas.
"Mother died at 6:30 p. m.
                    "[Signed]    H. Rand."

The petition contains the usual allegations of the filing of the message by the sender, its reception by the agent of the defendant, and the payment of the customary charges. It further alleges that, had the message been promptly transmitted and delivered, the plaintiff would have left Dallas on the night of December 25th for the said city of Garner, and would have reached that point on December 27, 1912, in time for the funeral; that the message was not delivered, and plaintiff had no knowledge thereof, or of the death of his mother, until the 11th day of January, 1913, when he received a letter advising him of his mother's death and of the transmission of the message.

Plaintiff's allegations set forth that the funeral of his mother took place in said city of Garner at 4 o'clock Thursday, December 26, 1912, but that, if the telegram had been promptly delivered so that he could have had the opportunity of responding thereto announcing his intention of being present.

---

he would have requested a postponement of the funeral; and, pursuant to such request, it would have been postponed until his arrival.

The petition disclosed that Rand, the sender of the message, was a brother-in-law of the plaintiff, residing at Garner, N. C., and that plaintiff's mother also resided and died there. The petition charges that the defendant had actual knowledge that the telegram was intended for him, and that the sender, when he delivered the message for transmission, informed the agent at Garner of the facts and circumstances requiring its speedy transmission and delivery. Plaintiff alleged that, as the proximate result of the defendant's negligence in failing to deliver said telegram within a reasonable time, he was prevented from attending the funeral, and that by reason thereof he had suffered, and would continue to suffer, pain and mental anguish. The trial court sustained a general demurrer to the petition, and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 167 S. W. 272.

The question for decision is, generally speaking, whether the plaintiff's petition states a cause of action against the telegraph company; more particularly stated, whether, if the telegram had been promptly delivered, the defendant should reasonably have anticipated from the language of the message, in the absence of any reference to the time of the funeral, and in the absence of an express invitation to come, that the plaintiff would probably desire to attend his mother's funeral, and respond to the message, and probably undertake, if he could not otherwise be present, to secure its postponement in order that he might attend.

[1, 2] The face of the message is sufficient to give the company notice that the deceased and plaintiff were mother and son. Telegraph Co. v. Edsall, 74 Tex. 329, 12 S. W. 41, 15 Am. St. Rep. 835; Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Telegraph Co. v. Moore, 76 Tex. 66, 12 S. W. 949, 18 Am. St. Rep. 25. It is not necessary in such case to give the company distinct notice of the relationship, as its language was such as to put the company upon inquiry. Tel. Co. v. Adams, supra; Tel. Co. v. Jenkins, 108 Tex. 374, 194 S. W. 131; s. c. (Civ. App.) 152 S. W. 198; Herring v. Tel. Co., 108 Tex. 77, 185 S. W. 293. In Tel. Co. v. Kuykendall, 99 Tex. 323, 89 S. W. 965, the court, in determining the character and extent of the notice with which the telegraph company was chargeable from the face of the following telegram sent from Hollis, Okl., on the 18th of the month addressed to the plaintiff, the sister of the deceased, at Kingsland, Tex.: "Will Arrant died this a. m. Will be at Lampasas tomorrow evening, the 19th day"—says:

"If Will Arrant had been buried in Oklahoma, where he died, and the plaintiff had sued the telegraph company because his wife was by its negligence deprived of the opportunity to attend the funeral, the telegram would be held sufficient to give notice to the telegraph company that Mrs. Kuykendall would probably desire to respond to the message by going to the place where her brother had died in order to be present at his burial."

The serious question in this case is whether, under the terms of the telegram, the defendant company should be held to have anticipated that the plaintiff would request a postponement of the funeral. In Tel. Co. v. Swearingin, 97 Tex. 295, 78 S. W. 492, 104 Am. St. Rep. 876, the court in answering the question certified, to wit, whether the company could be held in damages on account of its delay in delivery of the following telegram, "Come; Frank is dead," whereby the addressee was prevented from responding and securing postponement of the funeral of his son, says:

"It ought to have been foreseen that upon the delivery of the message there might be a necessary delay in starting upon the trip, and that the plaintiff would have notified the sender of the fact, and of his coming, and the probable time of his arrival, and that the funeral would have been accordingly postponed. Such, we think, would have been the natural and probable consequence if the message had been promptly delivered, and therefore they should be held to be within the contemplation of the parties to the contract."

This case (Swearingin) reviews and distinguishes two of the cases relied upon by the plaintiff in error, to wit, Tel. Co. v. Linn, 87 Tex. 7, 26 S. W. 490, 47 Am. St. Rep. 58, and Tel. Co. v. Stone (Civ. App.) 27 S. W. 144, and specifically approves the holding of the Court of Civil Appeals in Tel. Co. v. Norris, 25 Tex. Civ. App. 43, 60 S. W. 982.

The Stone Case is distinguished on the ground that the message showed upon its face that the time of the funeral was already fixed, and that the telegraph company could not properly be held to have foreseen that a postponement would be contemplated. The Linn Case is differentiated on the ground that from the standpoint of the company the postponement of the funeral depended upon more uncertainties and greater contingencies than in the Swearingin Case. The message in the Linn Case: "Grace is very low. Can you come and bring Maud"— is held not to show on its face that "Grace" had a husband, and that, if the message had been promptly delivered, plaintiff would have advised the sender of his coming—"Grace" not being dead—and that the unknown husband would have postponed the funeral until plaintiff's arrival.

The telegram in the Norris Case, addressed to the plaintiff and his wife, and referring to their son, is as follows: "Come on first train.

John Norris is dying." The company was held in damages in that case, the court's view being that it was within the contemplation of the defendant that the plaintiff would have wired to Chancellor (the sender of the message) to hold the body, and would have taken the morning train for Paris; that the body could have been kept 48 hours longer; and, if Chancellor had received the message, he would have deferred the burial until plaintiff's arrival. Chief Justice Gaines says, in approving the holding of the Court of Civil Appeals:

"We are of opinion that the court * * * correctly held that the damages in this case [Swearingin] were not too remote. The point is ruled by the decision in the [Norris] case * * * in which application for writ of error distinctly presenting the question was refused by this court."

These cases, we think, decisive of the question to be determined.

The defendant in error contends that, while in the Norris and Swearingin Cases the Supreme Court held the matters there contended for were reasonably within the contemplation of the parties, the messages in those cases contain an express invitation to come; whereas, in the Linn Case, and Motley Case, 87 Tex. 38, 27 S. W. 52, there is no such invitation on the face of the messages.

We do not find that the Supreme Court has ever held, in a case arising out of a death message, that whether the telegraph company should contemplate that the addressee in such message will respond and desire to attend the funeral depends upon an express invitation in the message to come. Nor can such holding be inferred from the principles announced in the Linn, Motley, and Stone Cases, supra. The Supreme Court has held that a message containing no express invitation to come is sufficient to charge the company with notice that the plaintiff would probably desire to respond by departing for the funeral. Tel. Co. v. Kuykendall, supra; Tel. Co. v. White (Civ. App.) 162 S. W. 906 (writ refused). The court has also held that notice of the main purpose of the telegram puts the company on inquiry as to the attendant details, and charges it with notice of all that could be learned by such inquiries. Tel. Co. v. Edsall, supra.

The Supreme Court of South Carolina, in determining in the case of Hughes v. Tel. Co., 72 S. C. 516, 52 S. E. 107, the extent of the notice conveyed to the company by a message merely announcing death, reviews the Swearingin Case, supra. The telegram in the Hughes Case, addressed to the plaintiff and signed by his wife, is as follows: "John killed at Panasofkee at mill this morning." The court points out that the on-ly difference in the material facts of the cases is that the telegram in the Swearingin Case contains the word "come" in addition to the notification of death; but does not regard the cases as differing in principle, in that under the facts of either case "the probability is that the addressee will follow the promptings of nature and respond to the message, and, if possible, at once set out to attend the funeral." The opinion of the court in the case of Tel. Co. v. Caldwell, 126 Ky. 42, 102 S. W. 840, 12 L. R. A. (N. S.) 748, is to the same effect.

[3] Under the terms of the message, in this case the defendant is charged with notice that the plaintiff would probably desire to depart at once on receipt of the message for Garner to attend the funeral. To hold that the defendant is charged with such notice, and further to hold that it is not chargeable with notice that the plaintiff would, upon receipt of the message promptly delivered, probably send a reply requesting a postponement which would enable him to be present, not only disregards the holding in the Edsall Case, supra, as to the extent to which the company is chargeable with notice, but in effect characterizes a son's desire to pay his last respects to the memory of his mother as a passive rather than an active desire. The defendant should have anticipated that such a message would be sent.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding on the question discussed.