## WICHITA FALLS TRACTION CO. v. JETER et al.

### No. 12558.

Court of Civil Appeals of Texas. Fort Worth.

March 5, 1932.

Bonner, Bonner & Childress, of Wichita Falls, for appellant.

T. R. Boone, of Wichita Falls, for appellee Liemkuehler.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellees.

CONNER, C. J.

This suit was instituted by appellee Joe Jeter against the Wichita Falls Traction Company and Albert Liemkuehler to recover damages received in a collision with a street car operated by one of the regular employees of the company and an ambulance operated by Liemkuehler, one of the owners of a private funeral home.

The collision occurred at the intersection of Holliday and Thirteenth streets in Wichita Falls. Thirteenth street is a paved street extending east and west and is approximately 50 feet wide. Holliday street extends north and south and is approximately 100 feet wide with a parkway in the center approximately 40 feet wide, thus leaving an open paved driveway of approximately 30 feet on each side of the parkway.

In his first amended original petition, upon which the case was tried, plaintiff alleged that at the time of the collision the street car was proceeding westerly on Thirteenth street to its intersection with Holliday street; that the ambulance was going north on Holliday street and traveling at a rate of speed in excess of 50 miles an hour; that it was driven violently into the side of the street car, knocking it more than 20 feet from the track. He alleged that the defendants were jointly negligent: The traction company for failure of its motorman (a) to look and listen as he drove into the intersection, and (b) to see the ambulance approaching; Albert Liemkuehler (a) in failing to keep a lookout, (b) in failing to have his ambulance under control, and (c) in failing to reduce the speed of his ambulance so as to avoid the collision.

Liemkuehler answered by a general demurrer, a general denial, and special defenses, alleging that the Wichita Falls Traction Company, hereinafter called company, was negligent on account of the failure of its motorman (a) to keep a proper lookout, (b) to see or hear the approaching ambulance and yield the right of way, and (c) to stop when he saw the ambulance coming; and that such acts were the sole proximate cause of the collision.

The company answered by general and special exceptions, a general denial, and special defenses, alleging that Liemkuehler committed acts of negligence which were the sole proximate cause of the collision, (a) in driving his ambulance at a reckless and dangerous rate of speed, (b) in failing to keep a proper lookout, (c) in failing to have his ambulance under control, (d) in failing to slow down or stop when he saw the street car in the intersection, (e) in failing to go behind the street car or turn east on Thirteenth street, (f) in failing to yield the right of way to the street car, and (g) in failing to use the means he had at hand to avert the collision after discovering the peril of the street car and its occupants.

Each defendant, by demurrer and denial, answered the defensive allegations of his co-defendant.

The case was tried by a jury and submitted upon special issues. At the conclusion of the evidence each defendant requested a peremptory instruction, which was refused. The company's objections and exceptions to .the court's charge were overruled, and all special issues requested by it were refused. Upon the answers of the jury to the special issues submitted, the court, after overruling the company's motion for judgment, rendered judgment that plaintiff take nothing as against Albert Liemkuehler and that he recover against the company the sum of $884, interest, and costs.

The company's motion for new trial was overruled, to which exception was taken and notice of appeal duly given and appeal bond filed, payable to the plaintiff Jeter.

The court gave definitions of the terms "negligence," "ordinary care," "proximate cause," "new and independent cause," and, among others, submitted issues that evoked the following findings, to wit: (a) That the motorman operating the street car failed to look and listen as he drove his car into the intersection of Holliday and Thirteenth streets, and that such failure was a failure to use that degree of prudence which the street car company owed the plaintiff, and that the failures found were a proximate cause of the injuries sustained by plaintiff. (b) That the motorman failed to see the ambulance as it approached the street car crossing at Holliday and Thirteenth streets; that such failure was a failure to use that degree of prudence which the street car company owed the plaintiff; and that the failure was the proximate cause of the injuries sustained by the plaintiff. (c) That Liemkuehler saw the street car entering the intersection of Holliday and Thirteenth streets and continued to operate his ambulance without making an effort to reduce the speed, but that such action did not constitute negligence as defined in the charge.

Appellant made numerous objections to the court's charge and requested a number of special issues that were refused, to which refusal error has been assigned; but in view of the conclusion we have reached, we do not think it necessary to discuss these assignments.

The vital questions presented arise under appellant's first assignment of error, which goes to the action of the court in refusing its peremptory instruction to find in appellant's favor. It was vital to appellee's recovery against the appellant that he prove by a preponderance of the evidence that the motorman of the street car was guilty of negligence in failing to look and listen, and see and hear the approaching ambulance, and that such negligence was a proximate cause of the collision and plaintiff's injuries.

We are of the opinion that the verdict of the jury, to the effect that Liemkuehler was without negligence in continuing to operate his ambulance without making an effort to reduce its speed after having seen the street car, is against the overwhelming weight of the testimony. We think it must be implied that such finding was brought about by a charge of the court to the effect that Liemkuehler in operating the speed of his ambulance was not subject to a speed ordinance of the city, which had been offered in evidence. It certainly will not do to say that an ordinance of a city exempting certain motor vehicles, including an ambulance on an emergency call, can authorize one using the city streets to consciously drive, or act, or fail to act, in a manner destructive to life, limb, or property. A mere exemption from the operation of speed laws cannot be legally construed as a license to operate a dangerous agency at cyclonic speed over public streets of a city, intersected by well-known streets and car lines and occupied by others, regardless of consequences to persons or property that may be likewise on the streets, whether such persons be on such streets rightfully or wrongfully. ·In other words, while the ambulance was in answer to an emergency call, the driver was required at all events to exercise ordinary care, even a high degree of care, to avoid injury to persons who may be upon the streets.

Appellant sought by requested charg-, es findings of the jury (a) whether or not Albert Liemkuehler was negligent in driving his ambulance at the rate of speed he was just before and at the time of the collision; (b) whether or not he was negligent in keeping a proper lookout for traffic at Holliday and Thirteenth streets at the time and place in question; (c) whether or not he was guilty of negligence in failing to reduce the speed of his ambulance; (d) whether or not he had his ambulance under control at the time and, if not, whether such failure constituted negligence as had been defined, and whether, in event of findings of negligence in these several particulars, such negligence was a proximate cause of the collision and injury. Appellant also by objection to the main charge and by specially requested instructions sought a finding of whether or not the negligence of Liemkuehler, if any found, was the sole proximate cause of the collision and resulting injury. We think these special instructions should have been given. Under the decision of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and cases following it, a defendant has the right to have the submission in an affirmative form of every well-pleaded ultimate and basic fact which, if found in his favor, will constitute a defense.

In the case before us appellant pleaded, among other things, that the sole proximate

cause of the collision and resulting injury was the negligence of the driver of the ambulance and the least that can be said about it is that there was evidence tending to so show, and we think, under the authorities, there can be no question but that defendant was entitled to have submitted the requested charge relating to this issue. It is true that the court submitted the issue of whether the driver of the street car was negligent and the jury found that he was, and that such negligence was the proximate cause of the collision, and it would seem logically true by implication that such a finding would conflict with and negative a finding that the negligence of the ambulance driver could constitute a sole cause of the injury. This court, in the case of Northern Texas Traction Co. v. Woodall, 294 S. W. 873, 881, attempted to apply such reasoning in answer to a ruling of the court in that case which denied a defendant a requested charge of whether the negligence of the other defendant was the sole cause of the collision in question. That case was an action against a street railway and an automobile driver for injuries to a passenger in an automobile resulting from a collision between the street car and the automobile. It was found that both the driver of the automobile and the street car operator were guilty of negligence which proximately resulted in the collision. But the court refused a requested charge by the street car company submitting the issue of whether the negligence of the automobile driver was the sole proximate cause of the collision. This ruling was assigned as error, and in disposing of the assignment we quoted and applied the following from the case of Interstate Casualty Co. v. Hogan, 232 S. W. 354, by the Beaumont Court of Civil Appeals: "The finding of the jury that the driver of the jitney was negligent, and that such negligence was the proximate cause of the accident, necessarily involved a finding that the negligence of the driver of the truck, with which the jitney collided, was not the sole cause of Miss Hogan's injury." A writ of error was granted in that case, however, and the ruling of this court just noted was not approved. On the contrary, it was held that the defendant traction company had the right to an affirmative presentation to the jury of any fact or specified group of facts relied on in its pleadings as a defense, which if true, would establish such defense, and that the trial court erred in having refused to give the special issue. Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220.

The question again arose in the case of Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276. The ruling in that case is indicated by the following quotation from the headnotes: "In action for personal injuries against a gas company and a plumbing firm, refusal of plumbing firm's requested special issue whether negligence of gas company was the sole proximate cause of plaintiff's injury, which issue such defendant was entitled, under the evidence, to have submitted, held reversible error, as against contention that the error, if any, was rendered harmless because jury specifically found that negligence of each defendant proximately contributed to injury."

The latest expression of the principle involved that we find is in the opinion of Judge Leddy, of Section B of the Commission of Appeals, in the case of Dallas Ry. & Terminal Co. v. Garrison, 45 S.W.(2d) 183, 185. In that case it appears that the railway company had pleaded, among other things, that the collision was the result of an unavoidable accident. In disposing of an assignment of error complaining of the trial court's failure to submit a requested charge presenting the issue, it was said: "It is asserted by defendant in error that, even if the issue of unavoidable accident is presented by the evidence, there was no error in refusing to submit the same, because the finding of the jury that both the motorman operating the street car and the driver of the automobile were guilty of negligence excludes the theory of inevitable accident. This court has often held that a defendant cannot be deprived upon any such ground of the affirmative submission of a defense properly pleaded and sustained by proof. Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Colorado & Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908."

In view of the criticisms made of other proceedings, the same questions may not arise upon another trial, and we will not therefore extend this opinion by formal disposition of the numerous other propositions of error urged, but finally conclude that our former opinions and judgment of affirmance should be withdrawn, appellant's motion for rehearing granted, and the judgment below reversed and the cause remanded as to all parties for the reasons shown in our opinion this day filed. See Hamilton & Co. v. Prescott, 73 Tex. 565, 11 S. W. 548; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221, and cases therein cited.