## AUSTIN v. DE GEORGE.

### No. 1249.

Court of Civil Appeals of Texas. Waco.

Nov. 25, 1932.

Rehearing Denied Dec. 29, 1932.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

ALEXANDER, J.

This action was brought by Dr. Florence W. Austin, a feme sole, against Nick De George, to recover damages for personal injuries sustained by her in an automobile collision at a street intersection in the city of Dallas. The automobile in which plaintiff was riding was being driven by her agent, and was proceeding in a southern direction on Munger boulevard. The defendant's car was proceeding in a western direction on Victor street, and was undertaking to cross Munger boulevard at the time of the collision. The jury, in answer to special issues, found the defendant guilty of several acts of negligence which proximately caused the collision and fixed the amount of plaintiff's damages at $1,000. The jury also found that at the time of the collision plaintiff's agent was driving plaintiff's car at a negligent rate of speed in excess of twenty miles per hour; that he was negligent in doing so, and such negligence directly and proximately contributed to cause plaintiff's injuries; that said agent saw and realized the approach and entry of the defendant's car into the street intersection in question in time, by the exercise of ordinary care, to have brought his car to a stop before the collision took place; and that his failure to so stop the car prior to the collision was negligence which proximately contributed to cause the injury to plaintiff. Judgment was for the defendant, and the plaintiff appealed.

It is admitted that the driver of plaintiff's car was her agent and that on the occasion in question the plaintiff and said agent were engaged in a joint enterprise. Consequently, if the case was otherwise properly tried, the finding of the jury that plaintiff's agent, for whom she was responsible, was guilty of negligence which proximately contributed to the injury, constituted a complete bar to plaintiff's right to recover, even though the defendant was guilty of negligence which proximately caused the injury.

Special issue No. 22, as submitted to the jury, was as follows: "Do you find from a preponderance of the evidence that the driver of the car in which plaintiff was riding, at the time and on the occasion in question, saw and realized the approach and entry of defendant's car, in the intersection in question, in time, by the exercise of ordinary care, to have brought his car in which plaintiff was riding to a stop before said collision took place?" to which the jury answered, "Yes."

The plaintiff objected to said issue on the ground that it was multifarious and submitted to the jury in one question several issues, to wit: (a) Whether the driver saw the proximity and the approach of the defendant's car, (b) whether he realized that defendant's car was entering the street intersection, (c) in time to have stopped and avoided the collision by ordinary diligence. This issue does involve several elements of fact, but whether it involves more than one ultimate issue is a more difficult question. An issue is not to be condemned as multifarious merely because it groups more than one element of fact therein, so long as it involves only one ultimate issue. It frequently happens that the ultimate fact issue being submitted is made up of more than one fact element. Sometimes it requires the grouping of several facts to make up the ultimate issue or controlling fact. Speer's Law of Special Issues, § 187. In the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522, the Supreme Court said: "Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved."

In the case of City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604, 606 (writ refused), the court said: "Where the combination of two facts is necessary to constitute negligence, and neither one of the facts stated alone would do so, it would not be required of the trial court that he single out each evidentiary fact and then group them himself after the jury had returned its answer. But where two facts must concur in order to constitute negligence, those facts should be grouped in order to have a finding on the ultimate issue, which is the negligence of the party."

A charge very similar to the one here under consideration was approved in Houston, E. & W. R. Ry. Co. v. Hough (Tex. Civ. App.) 260 S. W. 233 (writ dismissed). See, also, Texas Electric Ry. v. Jones (Tex. Civ. App.) 262 S. W. 131, par. 4; Clifton Mercantile Co. v. Gillaspie (Tex. Civ. App.) 7 S.W.(2d) 906, par. 4. We are inclined to believe that the issue is not multifarious.

■ However, if it be conceded that the issue here under consideration does involve more than one ultimate issue of fact, we do not think the error therein complained of requires a reversal of the case. Both the plaintiff and the driver of her car testified that they saw defendant's car turn into Victor street and proceed toward and enter the street intersection in question, and that when they were forty or fifty feet away they knew and realized that the defendant was going to attempt to cross the street intersection. Therefore the only disputed issue involved in the question was whether the driver of plaintiff's car realized such danger in time to have stopped his car, by the exercise of ordinary diligence, and to have avoided the injury. It has been held in numerous cases that, even though an issue as submitted to the jury involves more than one question, yet, if the evidence is undisputed on all questions involved therein except one, the issue is not multifarious. Wichita Falls, R. & Ft. Worth Ry. Co. v. Emberlin (Tex. Civ. App.) 274 S. W. 991; Texas Employers' Ins. Ass'n v. Sloan (Tex. Civ. App.) 36 S.W.(2d) 319, par. 6; Texas Employers' Ins. Ass'n v. Coulter (Tex. Civ. App.) 35 S.W.(2d) 1082, par. 1; Texas Employers' Ins. Ass'n v. Drummond (Tex. Civ. App.) 267 S. W. 335, par. 5, affirmed (Com. App.) 279 S. W. 1116; City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604 (writ refused).

■ Moreover, the jury found, in answer to other special issues, that the driver of plaintiff's car was driving at a negligent rate of speed, and that such negligence proximately contributed to bring about the injury. There was evidence that the plaintiff's car was being driven at from thirty-five to forty miles per hour. The answer of the jury to these issues defeated the plaintiff's right to recover independent of the finding of the jury in answer to special issue No. 22, and the error, if any, in the form of said special issue No. 22, became immaterial. Brown v. Dallas Gas Co. (Tex. Civ. App.) 42 S.W.(2d) 869, par. 1 and cases there cited.

■ The appellant complains of the action of the court in failing to define the term "contributory negligence." Such term was not used in the court's charge, and it was not necessary for the court to define the term.

■■ The appellant was a physician, and the jury found that she was responding to an emergency call at the time of the collision. It is her contention that since she, under such circumstances, was exempted by Penal Code, art. 791, from the provisions of Penal Code, art. 789, making it unlawful to drive in a city at a rate of speed in excess of twenty miles per hour, she could not be guilty of negligence by driving in excess of twenty miles per hour. Article 791 does provide that article 789 shall not apply to physicians responding to emergency calls, but it does not undertake to provide that a physician under such circumstances shall not be guilty of negligence if he drives at a dangerous rate of speed. Article 791 has the effect only to nullify article 789 in so far as it would otherwise apply to physicians when they are responding to emergency calls. In so far as plaintiff is concerned, it is the same as though no statute had been enacted regulating the speed of automobiles. In the absence of any statute on the subject, a physician is bound to exercise the same degree of care as any other person, and, if he fails to exercise the degree of care that an ordinarily prudent person would have exercised under the same circumstances, he is guilty of negligence even though he does not violate the provisions of any statute. 5 Tex. Jur. 694; Grammier-Dismukes Co. v. Payton (Tex. Civ. App.) 22 S.W.(2d) 544; Wichita Falls Traction Co. v. Jeter (Tex. Civ. App.) 48 S.W.(2d) 372; Morrison v. Antwine (Tex. Civ. App.) 51 S.W.(2d) 820, par. 3, and cases there cited.

■■ Counsel for appellee, while cross-examining appellant, asked her if she did not have another collision while driving another car just three days prior to the collision in question. The question was objected to on the ground that the evidence was immaterial, irrelevant, and prejudicial. The objection was overruled, and the witness answered the question in the affirmative and stated further that a drunk man ran his car against her car. This evidence, if inadmissible, would not require a reversal of the case. While on first presentation it may appear to be prejudicial in that it indicates that appellant was a careless driver, yet, when it is remembered that the appellant was not driving the car when the action here under consideration occurred, it will be seen that it had no harmful effect. However, we think the evidence was admissible. Other evidence in the record showed that appellant sustained a broken rib and other injuries in the first accident. It was appellee's contention that the injury to appellant's foot, for which she was suing in this case, was sustained in the first collision. The appellee was entitled to introduce this evidence for the purpose of sustaining this contention. 13 Tex. Jur. 375–171; St. Louis S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039.

■ Moreover, another witness later testified to the same facts without objection. This cured any error committed by the court in admitting the evidence in the first instance. Slayden v. Palmo, 108 Tex. 413, 194 S. W. 1103; Wolf v. Wolf (Tex. Civ. App.) 269 S. W.

488, par. 15; Hart v. Harrell (Tex. Civ. App.) 17 S.W.(2d) 1093, par. 5.

The jury found that the driver of appellant's car had the same under control, but further found that he was driving at a negligent rate of speed. The appellant contends that these findings are in conflict. This contention was overruled in the case of Manlove v. Lavelle (Tex. Civ. App.) 235 S. W. 324.

We have considered all other assignments, and find same without merit.

The judgment of the trial court is affirmed.