**THWEATT et al. v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, et al.**

No. 2819.

Court of Civil Appeals of Texas. El Paso. May 4, 1933.

First Rehearing Granted June 8, 1933.

Rehearing Denied June 29, 1933.

John White, of Dallas, for appellants.

Leachman & Gardere, of Dallas, for appellees.

WALTHALL, Justice.

This is a personal injury suit.

On a former day of the present term of this court we handed down an opinion in this case. Now, on a further consideration of the case, on appellees' motion for rehearing, we have concluded to withdraw our former opinion and instead thereof substitute the following:

In November, 1930, J. C. Thweatt, a minor, then 14 years of age, while riding as an invited guest on a motorcycle then being operated by William Bowen, was injured in a collision between the motorcycle and an automobile driven by Thomas A. Clarke. J. C. Thweatt, suing by next friend, E. W. Thweatt, and E. W. Thweatt and Mrs. E. W. Thweatt, respectively, husband and wife, and father and mother of the minor, J. C. Thweatt, suing in their own behalf as plaintiffs, bring this suit against Thomas A. Clarke and the Ocean Accident & Guarantee

Corporation, Limited, for the injuries sustained by J. C. Thweatt in said collision.

The collision occurred at the intersection of Stone-Bridge drive and Turtle Creek boulevard, public streets within the corporate limits of the city of Dallas, Tex.

The defendant Ocean Accident & Guarantee Corporation, Limited, is a private foreign corporation, authorized to write policies of insurance in this state, and is joined as a defendant on the statement that Thomas A. Clarke was its claim agent, and at the time of the collision was acting for and on its behalf in the operation of said automobile.

Plaintiffs sue for damages and assign specific acts of negligence against defendant Clarke. Clarke answered by general denial and plead specific acts of negligence on the part of plaintiff minor, Thweatt, as the proximate or contributing cause of the accident and injuries complained of, and also assigned specific acts of negligence on the part of Bowen, operator of the motorcycle, which Clarke alleged constituted the sole proximate cause of the accident and injuries to the minor. The Ocean Accident & Guarantee Corporation answered and adopted the pleadings of its codefendant, Clarke.

The jury returned their verdict on the special issues submitted, and judgment was entered thereon for defendants.

We will state only the findings of the jury which necessarily formed the basis of the judgment.

The jury found: Clarke was not acting within the scope of his employment with the Ocean Accident & Guarantee Corporation, at the time and on the occasion in question. The jury found that the collision was not an unavoidable accident. The jury found that the minor, Thweatt, was riding on a motorcycle while on a public highway, which motorcycle was in operation during one-half hour after sunset without having on said motorcycle a lighted lamp showing a white light visible under normal atmospheric conditions at least 200 feet in the direction such vehicle was facing; that riding the motorcycle at such time and under such circumstances was negligence as that term was defined to the jury; and that such negligence was a proximate or contributing cause of the collision and injuries in question. The jury found that Clarke entered the intersection of the two streets, Turtle Creek boulevard and Stone-Bridge drive, first; that Bowen, driving the motorcycle, while approaching the intersection of said two streets, failed to yield the right of way to Clarke approaching such intersection at the time; that the minor, Thweatt, permitted Bowen in the operation of the motorcycle to fail to yield the right of way to Clarke; that such permitting by the minor of Bowen

to fail to yield the right of way to Clarke was a proximate or contributing cause of the collision and injuries to the minor. The issue as to whether such permitting by the minor of Bowen to fail to yield the right of way to Clarke was negligence was not submitted to nor found by the jury.

As to Clarke the jury found: Clarke was negligent in respect to the rate of speed at which he was driving his car at the time and on the occasion in question, and that such negligence was a proximate cause of the injuries to the minor, Thweatt.

The jury found that Clarke was driving his car at a greater rate of speed than 20 miles per hour at the time and on the occasion in question, and that such excessive rate of speed above 20 miles per hour was a proximate cause of the injuries to the minor, Thweatt.

On the sixty-five issues submitted to the jury the above seem to be the only ones upon which sufficient findings were made upon which a judgment might be based.

This appeal is prosecuted by the plaintiffs from the order of the court overruling their motion for a new trial.

## Opinion.

We will designate the parties as plaintiffs and defendants, as in the pleadings.

As a defense to plaintiffs' cause of action, defendants plead certain specific acts on the part of William Bowen, driver of the motorcycle on which the minor, Thweatt, was riding with Bowen as an invited guest at the time of the accident causing the injuries to the minor. Defendants' answer stated that, because of said acts of Bowen, Bowen was negligent, and such negligence was the sole proximate cause of the accident and injuries in question. Plaintiffs specially excepted to that portion of defendants' answer. The court overruled the exception, and plaintiffs assign error.

■ We think defendant could properly plead and show that some act of Bowen was the sole proximate cause of the accident. Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Wichita Falls Traction Co. v. Jeter (Tex. Civ. App.) 48 S.W.(2d) 372; Eastern Texas Electric Co. v. Joiner (Tex. Civ. App.) 27 S.W.(2d) 917; Horton & Horton v. House (Tex. Com. App.) 29 S.W.(2d) 984.

We think, however, it would not be necessary, Bowen not being a party to the suit, to allege that he was negligent in the act pleaded which caused the collision. To do so creates unnecessary confusion. However that may be, we have no finding in the record that any act of Bowen, whether negligent or not, was the sole proximate cause of the collision.

■ Plaintiff complains of the definition of negligence as used by the trial court in the charge to the jury as applied to the minor, Thweatt, in that the charge required the same degree of care as is required of an adult, when the law requires such care as an ordinarily prudent child of the age of the plaintiff minor would commonly use under the same or similar circumstances. We have not found in the record where plaintiffs made objection to the court's charge or otherwise called the court's attention to the error in the· charge. The objection cannot now be raised, Texas & N. O. R. Co. v. Warden (Tex. Civ. App.) 49 S.W.(2d) 486; St. Louis S. W. R. Co. of Texas v. Ewing (Tex. Com. App.) 222 S. W. 198, and cases there cited; Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; and Texas & P. R. Co. v. Gillette (Tex. Civ. App.) 50 S.W.(2d) 901, in two of which cases this court held that the objection now made to the charge for the first time may not be considered as fundamental error. We will discuss the question more fully under another assignment. .

As said in the above statement of the case, the jury found that the minor, Thweatt, was riding on the motorcycle on the public highway during one-half hour after sunset without having on said motorcycle a lighted lamp showing a white light visible under normal atmospheric conditions at least 200 feet in the direction such vehicle was facing, that such was negligence as such term was defined to the jury, and that such negligence "was a proximate or contributing cause of the collision and injuries in question," and found as under· the next issue that the operation of such motorcycle was not the sole proximate cause.

We have not found in the record the submission of an issue similar to the above as applied to Bowen, the driver of the motorcycle at the time, unless it be issue 40, where the issue submitted was whether "the operation of such motorcycle" while on, a public highway at the time and without the lighted lamps, etc., as above, was the sole proximate cause, to which the jury answered, "No."

We then have no record finding that the operation by Bowen of the motorcycle without the lighted lamp was a proximate or concurring cause of the collision, that the operation of the motorcycle without the lighted lamp at the same time and under the same circumstances was not the sole proximate cause of the collision, and that the riding of the motorcycle by the minor, Thweatt, without the lighted lamp at the same time and under the same circumstances was a proximate or concurring cause of the collision. The record does not disclose that any act or fact, or group of acts or facts of anybody under any of the circumstances mentioned in the evidence was or were the sole proximate cause of the collision.

The above-stated findings of the jury show a prima facie cause of action in favor of plaintiffs against Clarke, and at the same time a prima facie ground of defense against such cause of action by reason of the negligence of the minor.

Plaintiffs contend that the submission of the issue of negligence on the part of the minor, Thweatt, that of riding on Bowen's motorcycle one-half hour after sunset without having on said motorcycle the lighted lamp visible, etc., as found, to the jury was erroneous. Plaintiffs' objections are not clear, are not specific, but the effect of the objections are that the minor was an invited guest of Bowen in riding the motorcycle at the time, and the two were not on a joint or common enterprise on the occasion and at the time of the collision, for the reason that the undisputed evidence shows that the motorcycle belonged to Bowen and that Bowen had and exercised entire control over the motorcycle and its operation.

The undisputed evidence clearly shows that Bowen was the owner of the motorcycle and was operating it at the time and place of the collision; that on the occasion in question Bowen was using the motorcycle in delivering merchandise under his employment for a business house, and at the time of the accident Bowen and the minor were on the motorcycle, Bowen riding in front and the minor in the rear; that, when Bowen stopped to make delivery of goods, the boy would carry the goods in at the place of delivery.

■ We concur in plaintiffs' suggestion that a mere guest or gratuitous passenger riding with the operator of the motorcycle by invitation is not engaged in a common or joint enterprise with the operator of the motorcycle, and such would seem peculiarly true under the undisputed facts of this case. But the case was not tried on the theory of imputed negligence of Bowen, but on the alleged fact of direct negligence of the minor, Thweatt, himself, in riding on the motorcycle at the time he did without the lighted lamp; the inference being that the minor should know, or was charged with knowledge, that the motorcycle upon which he was riding did not have the lighted lamp and display the required light. It is a wholesome announcement of a rule of decision as in Texas Mexican R. Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18, that, while a guest is not ordinarily required to exercise the same quantum of care and caution as a driver of the vehicle, yet, if he sits without warning or protest, and knowingly permits himself to be driven to his injury, he should not be heard to complain when found guilty of negligence.

■ Plaintiffs submit that the submission of the issue as to the negligence of the minor

in riding the motorcycle without the lighted lamp was not warranted by the facts, and that the jury's finding on the issue did not bind the trial court nor does it bind this court. Such is the rule where the evidence does not justify the submission of the issue. Farmers' & Stockmen's State Bank v. Sweaney (Tex. Civ. App.) 285 S. W. 930.

We are not prepared to say that the rule invoked has application here. The court submitted the issue, and the jury made the finding, and we think we are bound by it.

■ It was not reversible error to refuse to submit plaintiffs' tendered charge submitting the question whether the minor, Thweatt, was riding on the motorcycle as a guest of Bowen at the time of the collision. The fact that he was a guest was not an ultimate fact and was undisputed in the evidence.

Defendants pleaded that the minor, Thweatt, was "guilty of negligence which proximately caused or contributed to cause the accident and injuries in question." One of the negligent acts of the minor which was submitted to the jury in the court's main charge was whether the minor, Thweatt, was riding the motorcycle on the public highway, etc., without having on the motorcycle the lighted lamp showing a white light, etc., and whether riding the motorcycle under the conditions stated was negligence as defined to the jury, and, if the jury so found, was such negligence "a proximate or contributing cause of the collision and injuries in question." The jury answered all three of the issues in the affirmative. The court nowhere in the charge defined "contributing cause."

Plaintiffs, for the first time in this court, complain of the failure of the court to define the term "contributory cause." Defendants submit that plaintiffs, by failing to object to the omission to define the term, or to earlier call the court's attention to such omissions, cannot be heard to complain at this time.

In considering a former objection to the court's definition of negligence, we said that by a failure to object plaintiffs waived any defect in the definition.

Similar questions have been considered by this court in other cases. We need not review them. While the statute, article 2189, provides that, in submitting cases on special issues, the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, the Thirty-Third Legislature in 1913, c. 59, p. 113, by an amendment to the law as it formerly was, now article 2185, of the Revised Civil Statutes, provides that "objections [to the court's charge] shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." Without referring to the many cases referred to elsewhere in this opinion, our courts have uniformly held that an objection not made to the charge as provided is waived.

The court, over objections of plaintiffs, permitted counsel for defendants to detail various conversations had between counsel and the witness Bowen at the time of and subsequent to a settlement made by defendant Clarke with Bowen in the matter of Bowen's claim for damages growing out of the circumstances as in this suit.

Plaintiffs pleaded "that the said Clarke has since the date of the alleged injury to William Bowen admitted liability by paying to said William Bowen about $1,500.00, thereby admitting negligence and admitting liability and that the collision wherein said Bowen sustained injuries is and was the identical collision wherein said J. C. Thweatt sustained his said injuries." Plaintiff then proved by Bowen that he had been paid certain sums of money as compensation insurance for the business house for which Bowen was an employee.

The subject-matter of the several conversations is too extensive to detail here, covering many pages of the statement of facts in the record. A few brief extracts from the conversations will be given to show the subject-matter of the evidence complained of: Mr. Yarborough, representing Bowen, had filed a claim for compensation insurance with the Industrial Accident Board, and Bowen had been given an award for total loss below the knee. Members of Bowen's family were present at some of the conversations. Counsel for defendant advised Bowen and his family that Bowen did not need a lawyer at that time and to let things go to where Bowen had made an improvement and they would discuss things over. Bowen's brother and sister had paid his hospital bills; talked of the length of time Bowen was in the hospital; discussed Bowen's injuries and the treatment; defendant's attorney expressed surprise that Bowen had an attorney and the reason; Bowen then discharged his attorney; the conversation as to the amount upon which a settlement could be had; statement made by defendant's attorney to witness that Clarke disclaimed liability and that he was not to blame; discussed the award made by the board; Bowen stated the amount he wanted paid to him; and they discussed the amount and what was said by each as to the amount, and what the insurance company would pay, and the amount Clarke should pay and some advice given by counsel to the witness; a final agreement as to the sum to be paid was reached; they talked of the loss of time Bowen had sustained, the damage to Bowen's

254

motorcycle, and spoke of the then condition of Bowen's injuries.

■■ The court overruled defendants' special exception to the portion of plaintiff's pleading copied above.

The correctness of the court's rule on defendants' exception is not challenged. On the authority of Magnolia Petroleum Company v. Reed (Tex. Civ. App.) 42 S.W.(2d) 274, where it is held that evidence of a settlement is admissible, the ruling on the exception was proper. At that state of the pleading and the evidence heard the point for decision is, Was the fact that defendant paid Bowen for damages which resulted to him just as plaintiffs, and from the same cause, admissible, as an admission that the cause of the collision and injury to the minor was Clarke's own negligence? The payment of Bowen's claim did not necessarily admit a liability to Bowen or to the minor; but, as said in Galveston, etc., Ry. Co. v. Hertzig, 3 Tex. Civ. App. 296, 22 S. W. 1013, unexplained, it tends in that direction. Where the payment by Clarke to Bowen was susceptible to explanation, it then becomes a question of the weight to be given it. Some of the evidence heard might not have been in explanation, and for that reason immaterial and objectionable, but plaintiff has not undertaken to separate the objectionable from the unobjectionable, and we think the burden to do so is not with this court.

On the question presented, in addition to the cases mentioned, we have considered the following: St. Louis, S. F. & T. R. Co. v. Thomas (Tex. Civ. App.) 167 S. W. 784; Texas & N. O. R. Co. v. Commercial Union Assur. Co. (Tex. Civ. App.) 137 S. W. 401; San Angelo Water, L. & P. Co. v. Baugh (Tex. Civ. App.) 270 S. W. 1101.

■ Point 6, we think, is without merit. Bowen had stated what he said the circumstances were at the time of the collision. Plaintiffs asked him, "Now when you saw the (Clarke) automobile come in there, why did you change your course?" The objection was as to the "why." While Bowen and the minor, Thweatt, were riding the same motorcycle at the time of the collision, it is difficult to separate the act of the one from the act of the other, but here, and after the trial and findings of the jury, Bowen not being a party to the suit, we are considering the facts as they affect only Clarke and the minor, Thweatt, and of the findings only the one attributing negligence to the minor in riding the motorcycle without the lighted lamp, the minor having been acquitted of negligence as to all other negligent acts charged against him, and there being no finding that any act of Bowen was the sole proximate cause of the collision.

The same comment on point 6 might be made on point 7 and other similar points involving the matter of the operation of the motorcycle and not bearing directly upon the question of negligence of the minor in the matter of the minor riding the motorcycle without the lighted lamp. We agree with plaintiffs in their view that the issues submitted as to any negligent act of Bowen other than that some act of his was the sole proximate cause of the collision was confusing; but we are not prepared to say that the submission of other issues was reversible error as tending to confuse the issue submitted. As we view it, it would be immaterial whether Clarke's negligence was a proximate cause of the collision; if the minor, Thweatt, was himself negligent in riding the motorcycle without the lighted lamp and his negligence was a proximate cause of his injury. The jury so found, and we cannot say that the finding was not sustained by the evidence.

We have found no reversible error in the record, and the case is affirmed.