### WICHITA VALLEY RY. CO. v. MINOR.

No. 1588.

Court of Civil Appeals of Texas. Eastland.

Oct. 30, 1936.

Rehearing Denied Jan. 22, 1937.

Kirby, King & Overshiner, of Abilene, and Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellant.

Cox & Hayden, of Abilene, for appellee.

LESLIE, Chief Justice.

This suit grew out of a collision between an automobile and a motorcar on Ambler avenue, north of the city limits of Abilene, Tex. At the point of the accident the railway track runs approximately north and south, and the highway runs east and west. The plaintiff, P. E. Minor, was the guest of his brother, W. H. Minor, who was the owner and operator of the automobile at the time of the accident. The automobile was traveling east and the motorcar was going north. The collision occurred about 6 o'clock before daylight.

As a result of the accident the plaintiff sustained injuries for which he sues the Wichita Valley Railway Company, alleging negligence on the part of the company in the following respects: (1) The motorcar was operated at a negligent rate of

speed; (2) proper whistles and bell signals were not sounded; (3) the motorman failed to keep a proper lookout; and (4) the Railway Company was negligent in not providing signal devices at the crossing.

The defendant answered by general demurrer, general denial, and special plea to the effect that plaintiff was guilty of negligence in (1) failing to look; (2) failing to listen; (3) failing to admonish the driver concerning the speed at which he was driving the automobile; and (4) it further alleged that the negligence of the driver W. H. Minor was the sole proximate cause of the injury.

At the conclusion of the testimony the case was submitted to the jury upon special issues in response to which the jury found that the defendant was negligent in the following respects: (1) Failing to keep a lookout, and (2) failing to maintain a signal device at the crossing. The jury found that W. H. Minor, the driver, failed to keep proper lookout, that in so doing he was negligent, but that the negligence was not the sole proximate cause of the plaintiff's injuries. The jury also found that the driver failed to listen, that he was not negligent in so doing, and further that no such negligence was the sole proximate cause of the plaintiff's injuries.

No issue was submitted involving the alleged negligence of appellee P. E. Minor. The first and second assignments predicate error on the court's failure to submit such issue. Conceding that the appellant was entitled to the issue, it merely excepted to the action or ruling of the court in omitting to give the issue, and did not formulate an issue presenting the question and request the court to submit the same to the jury. Such objection and exception under the circumstances do not entitle the defendant to a review by the appellate court of the alleged error of the trial court in failing to submit said issue. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849; Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276.

The court having submitted no such issue and the same being defensive, it was incumbent upon the defendant to prepare and tender to the court in due time an issue which was correct under the pleadings and the testimony. Desdemona Gasoline Co. of Texas v. Garrett (Tex.Civ.

App.) 90 S.W.(2d) 636; Speer, Law of Special Issues in Texas (1932) pp. 370, 371, § 251 et seq. Assignments 1 and 2 must, therefore, be overruled, since proper predicate for review of the court's failure to submit the issue was not laid in the trial court.

 The third proposition is that the "court erred in submitting issue No. 17" for the reason that "it placed a greater burden on appellant than does the law, in that under the law if the driver's failure to listen was the sole cause, it need not have been negligence before it was a complete defense." To make clear the point and our reasons for overruling the same, issues 16, 17, and 18 with the jury's answers thereto will be set out:

"16. Do you find from a preponderance of the evidence that the driver of the car in which the plaintiff was riding, failed to listen for the approach of defendant's motor car as he was approaching the intersection in question? Answer yes or no. Answer: Yes.

"If you have answered the foregoing question yes, and in that event only, then you will answer:

"17. Do you find from a preponderance of the evidence that such failure, if any, was negligence, as that term has been herein defined to you, on the part of W. H. Minor? Answer yes or no. Answer: No.

"If you have answered the two foregoing questions yes and in that event only, then you will answer:

"18. Do you find from a preponderance of the evidence that the negligence, if any, inquired about in the foregoing special issue was the sole proximate cause of the collision in question and plaintiff's injuries, if any, resulting therefrom? Answer yes or no. Answer: No."

It is a well-recognized rule of law that one person may not be held liable for damages caused solely by the act of another over whom he has no control. We understand that the authorities in this state establish the proposition of law that an .independent act of a third party may, but does not necessarily have to be negligence in order to be the sole cause of an injury and therefore constitute a defense in cases of this character. Ft. Worth & D. C. Ry. Co. v. Rowe (Tex.Civ.App.) 69 S.W.(2d) 169; Thweatt v. Ocean Acc. & Guarantee Corp. (Tex.Civ.App.) 62 S.W.(2d) 250; Horton & Horton v. House (Tex.Com. App.) 29 S.W.(2d) 984.

Obviously, an issue which limits such a defense solely to negligent acts of the third party is ordinarily too restrictive, even where the issue of "sole cause" is submitted, but this proposition does not aid the appellant under the record before us for the following reasons:

Issue No. 17 (the only one of the three set out above upon which an attack is made in this court) does not (as complained of in proposition 3) place "a greater burden on the appellant than does the law," etc. In a true sense, it places no burden at all upon the appellant. The issue inquires if a certain fact (found in answer to issue 16) was negligence. Under the authorities above cited, that issue, combined with the jury's answer thereto, was wholly immaterial. The issue should not have been submitted. The opinion in the Rowe Case, supra, relied upon by the appellant, and liberally quoted from in its brief, contains this holding: "The quoted special issue predicated appellant's entire defense upon the presence or absence of ngligence, when a finding upon this naked question could not be used as the basis of a judgment one way or the other." That being a correct conclusion, it cannot be said that issue 17, standing alone, placed an extra burden on the defendant.

Further, it is apparent that issue 18 presented to the jury the question of whether or not the negligence of the driver in failing to listen was the sole proximate cause of the collision, and the jury, without authority from the court to do so, answered this question, "No." Upon the appellant's theory, and in accordance with its contention, that it was unnecessary for the driver (third party) to be convicted of negligence in order to establish its alleged defense, issue No. 18 logically follows issue No. 16, and if a "greater burden" than authorized by law was placed on the appellant by any issue submitted, it was issue No. 18.

Although this issue was conditionally submitted, no objection or exceptions were lodged against it by reason of the manner of its submission. Neither does the appellant attack it by any assignment of error to the effect that said issue improperly embraced the element of negligence, or placed an improper burden on it. The attack is directed to issue 17 alone, and its submission was harmless.

Further, if it be granted that issue 16 and the jury's answer thereto were a proper submission and finding thereon, and that the appellant was entitled to have a finding of whether or not the driver's act (free from any question of negligence) in failing to listen was the sole proximate cause of the appellee's injuries, then we have this situation from the standpoint of the appellant:

If issue No. 18 was an attempt by the court to submit said act of the third party as a sole proximate cause, then the appellant failed to object to the same in the trial court on the ground that it was submitted conditionally, or to attack its submission by an assignment of error in this court on the ground that it imposed an undue burden on the defendant by reason of the element of negligence therein. It follows there is nothing to review on that phase of the case.

If on the other hand, issue No. 18 is not to be regarded as an attempt by the court to submit the act of the third party as a basis for a finding of a sole proximate cause, then such defensive issue was waived by the appellant for the reason and upon the authority by which propositions 1 and 2 were overruled.

We conclude no reversible error is shown by the third proposition, since it is directed exclusively to issue 17, which is immaterial within itself. By proposition 4 the court's definition of unavoidable accident is attacked. The court gave the following definition: "By the term 'unavoidable accident' is meant that which happens without the fault or negligence of any of the parties thereto." The appellant submits in this connection that "an accident is an event which occurs without the negligence of either party to the suit, proximately contributing to cause the same." We overrule this proposition on the ground that the definition given has the approval of our Supreme Court in various cases. Texas & P. Ry. Co. v. Edwards (Tex.Com.App.) 36 S.W.(2d) 477; Orange & N. W. Ry. Co. v. Harris (Tex.Sup.) 89 S.W.(2d) 973; Galveston, H. & S. A. Ry. Co. v. Gormley (Tex.Civ.App.) 35 S.W. 488; Speer, Special Issues (1932) pp. 104, 766.

By the fifth proposition the contention is made that the court erred further in the definition of unavoidable accident in that it concluded with the words "any of the parties thereto" and that by such expression "the court does not tell the jury as to which party it meant, and therefore permits the jury to determine this themselves." In the instant case there were, of course, three parties involved in the accident, the plaintiff (guest), the defendant, and W. H. Minor, the driver. The gist of the contention is that the court "should have limited the jury in considering this issue to these two parties," the plaintiff and defendant. We are not inclined to sustain the contention. However, we are not called upon to pass definitely upon the same, since we are of the opinion that the definition and the issue in connection therewith, if incorrect in any respect, had the effect of putting on the appellee a greater burden than the law requires and could not be prejudicial to the appellant. Bearing in mind the element of negligence embodied in the definition of unavoidable accident, it is obvious that the plaintiff carried the burden of proving that the injury "was not the result of an unavoidable accident." To discharge this burden it was incumbent upon the plaintiff to show by a preponderance of the evidence that plaintiff's injuries were not caused by something other than the negligence of the defendant, the plaintiff or the driver. But for the substitution in the statement of the issue of parties to the accident for parties to the suit plaintiff's burden would have been to show by a preponderance of the evidence that such injuries were not caused by something other than the negligence of the defendant or the plaintiff. The addition of the driver to the scope of inquiry simply adds to the plaintiff's burden by requiring him to show that the cause of his injuries was not something other than the negligence of the driver. If the evidence was equal—not preponderating either way upon that question—the jury would have been required to answer "No" to the issue, thereby in effect finding that the injuries were due to an unavoidable accident. The error complained of therefore cast an additional burden on the plaintiff presumptively advantageous to the defendant. It seems to us that in such a situation the greater the spread of the definition as to parties involved, the greater must be the burden upon the appellee.

Propositions 6, 7, 8, 9, and 10 are briefed together and respectively predicate error on different portions of the argument made by counsel for the appellee in presenting the case to the jury. We have carefully gone over the bills of exceptions to which the brief refers and have care-

fully considered the assignments in the light of such statements. The argument as a whole is not given, but only detached portions of the same. No objections were made to the argument when delivered, and the points are raised for the first time in the motion for a new trial.

We overrule each of these assignments. As said by this court in Southern Ice & Utilities Co. v. Richardson, 60 S.W.(2d) 308, 311 "The general rule is that exceptions to improper argument should be taken at the time it is made. There is an exception to this general rule. We followed the exception in Nicholson v. Nicholson (Tex.Civ.App.) 22 S.W.(2d) 514; Hewitt v. Buchanan (Tex.Civ.App.) 4 S.W.(2d) 169, and Humble Oil & R. Co. v. Butler (Tex.Civ.App.) 46 S.W.(2d) 1043." The argument here complained of, and as complained of, does not fall within the above exception (3 Tex.Jur. p. 222, 224, § 147, et seq.), but within the rule announced by Judge Critz in Robbins v. Wynne (Tex. Com.App.) 44 S.W.(2d) 946, 949. Discussing the rule applicable it was there said: "The application contains assignments of error bearing on certain other arguments to the jury by counsel for the defendant which plaintiff contends were outside the record and improper. The bills with reference to these matters show that no objections were offered to such arguments at the time. We do not deem it necessary for us to detail these matters, as they probably will not occur on another trial. We wish here to remark, however, that it is not always necessary to object to improper argument at the time it is made in order to preserve the right to present same on motion for new trial and on appeal as error. Willis & Bro. v. McNeill, 57 Tex. 465. In this connection, we hold that the correct rule is that, if the argument be such, or is made under such circumstances that, if objection is made at the time counsel making the argument can offer explanation therefor which will render such argument proper, or can make such amends as will render the same undoubtedly harmless, or, if the argument be of such a nature that its proper withdrawal by counsel or instructions by the court to the jury to disregard will cure the error, and render its harmful effect free from doubt, then the objections should be made at the time, and failure to do so waives the error." See Texas Employers' Ins. Ass'n v. Bradford (Tex.Civ.App.) 62 S.W.(2d) 158; City of Pampa v. Todd (Tex.Civ.App.) 39 S.W.(2d) 636; In re Ramon's Estate (Tex.Civ.App.) 20 S.W. (2d) 351; Davis v. Kennedy (Tex.Civ. App.) 245 S.W. 259.

As said in Williams v. Rodocker (Tex. Civ.App.) 84 S.W.(2d) 556, 563, the argument complained of "was so little calculated to cause the jury to render an improper verdict as not to be material. At least, had objection been made and the court had admonished the jury not to consider same, it could not be said that it was calculated to prejudice the rights of complainant."

For the reasons assigned, the judgment of the trial court is affirmed.

### On Rehearing.

In our original opinion we overruled appellant's fifth proposition wherein the contention is made that the trial court erred in its charge to the jury in connection with the definition of "unavoidable accident" in that he told the jury "an unavoidable accident" was one "which happened without the fault or negligence of *any of the parties thereto.*" (Italics ours.)

In the opinion we stated that we were not inclined to sustain the contention and proceeded to give as a reason why the point should be overruled that the definition in any event placed a greater burden upon the appellee than did the law and therefore did not prejudice the appellant.

The appellant in its motion for rehearing challenges the soundness of the above reason and argues "that if a plaintiff can secure a favorable finding to an issue by proving that any one of three people was negligent, that he has less burden than the same plaintiff would have if he were required to prove that one of two persons was negligent"—in other words, that as you increase the number of persons on whom the plaintiff may lay the blame for the accident, so you decrease the burden which the law placed upon him to secure a favorable finding on that issue.

In deference to this contention made by the appellant, we have carefully re-examined the whole question raised by proposition 5 and we are now of the opinion that we erred in the conclusion stated in the original opinion on this point. That part of the opinion is withdrawn.

We find that when the trial court had prepared its charge or issues and submitted the same to the litigants for objections and exceptions, preparatory to submitting

same to the jury, the appellant, defendant below, among other things, objected to the definition of unavoidable accident in this language: "The defendant \* \* \* excepts to said definition of unavoidable accident because the court does not tell the jury as to *what parties it means* and permits the jury to determine this themselves which is erroneous in this case." (Italics ours.) This objection was overruled by the trial court, and in so doing we think there was no error.

Obviously, the definition does tell the jury "what parties it means" in that it refers to the parties involved in the accident, namely, plaintiff, defendant and the driver, W. H. Minor, but the objection above set out did not aid the trial court by suggesting a more accurate definition. In other words, it did not specifically point out that the court's definition was too comprehensive in that it included W. H. Minor, the driver, whereas it should be limited to the negligence of plaintiff or defendant. Believing that the objection does not meet the requirements of article 2185, R.S.1925, and that it was not sufficiently specific to aid the court in giving a correct definition we overrule the proposition under consideration. Panhandle & S. F. Ry. Co. v. Brown (Tex.Civ. App.) 74 S.W.(2d) 531, 533 (4). If the objection to the charge had been as specific as the fifth proposition in the appellant's brief, it would have directed the court's attention to the alleged vice in the definition and the requirements of said statute would have been met.

We have carefully considered the various points urged in the motion for rehearing, and being of the opinion that the same should be overruled, it is accordingly so ordered.