**TEXAS CO., et al. v. TURNER.**

**No. 14038.**

Court of Civil Appeals of Texas. Fort Worth.

March 22, 1940.

Rehearing Denied April 12, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson, James C. Wilson, Jr., and Carlisle Cravens, all of Fort Worth, and John Davenport, of Wichita Falls, for appellants.

Napier & Napier, of Wichita Falls, for appellee.

BROWN, Justice.

In the motion for a rehearing, our attention is called to the fact that we overlooked a stipulation that was agreed upon in open court, by counsel for the two litigants, and through such oversight we erroneously made statements that should not be in the opinion.

We accept responsibility for this error, although the index to the Statement of Facts made no mention of the stipulation and no reference to the record where the stipulation is to be found was made in any brief.

May we respectfully request that all briefs contain references to the record where either testimony, evidence or stipulations may be found? This will not only materially assist us in reviewing cases but will lessen our chances to fall into error.

Because of our error, we withdraw the original opinion and substitute therefor the following opinion, with full right of the parties litigant to file, should they or either of them see fit to do so, a second motion for a rehearing.

## Opinion.

Appellee Meak Turner brought suit against the Texas Company and one J. J. Hagan, for personal injuries sustained by him, alleged to have been received in a collision between his truck and a car owned by the Texas Company, and driven by one of its employees.

The defendants answered by a general demurrer, a general denial and several special pleas of contributory negligence.

Appellee's petition is bottomed solely upon the principle of discovered peril.

The cause being tried to a jury, when the taking of testimony and evidence was concluded, the defendants moved for a peremptory instruction, and their motion was denied.

The trial court submitted the cause upon special issues.

The first issue is: "Do you find from a preponderance of the evidence that the driver of the automobile observed the truck as he approached the same, and knew and realized the perilous position of said truck and its occupant, and knew and realized such facts at a time when, by the use of the means at hand, having due regard for his own safety and the safety of his automobile, and the contents thereof, he could have avoided the collision by the exercise of ordinary care?" The jury answered: "He did."

The defendants objected to the submission of this issue, first on the ground that the evidence does not raise the issue of dis-

covered peril, and second, because the issue is multifarious, and submits the entire case and all of the elements and necessary issues on the question of discovered peril in one question, and the defendants, by a full and complete objection, pointed out to the trial court the several component parts of the principle on which discovered peril is and must be predicated, and, without waiving their objection to such question being submitted, because it is not supported by the evidence, requested that the question of discovered peril be submitted in the necessary dependent issues.

These objections were overruled.

The next issue submitted is a reiteration of a portion of issue No. 1, which the jury was called upon to answer in one answer to said issue No. 1.

This issue No. 2 asked the jury to find whether or not the driver of the automobile "failed to exercise ordinary care at the time referred to in special issue No. 1, to use the means at hand to avoid the collision, having due regard for his own safety, the safety of his automobile and the contents thereof." The jury answered: "He did."

To issue No. 3, the jury found that such failure was the proximate cause of plaintiff's injuries. To issue No. 4, they found damages in the sum of $15,000, and to issue No. 6, the jury found that the collision was not an unavoidable accident. Objections were made to all issues, but will not be discussed because of the conclusions reached by us.

The defendants moved for judgment notwithstanding the verdict, and such motion was overruled.

The trial court rendered judgment for Turner against the Texas Company and J. J. Hagan, jointly and severally, for $15,000.

Defendants' motion for a new trial being overruled, they have appealed, and present twenty-three assignments of error, but we deem it necessary to consider only a few controlling points.

The plaintiff pleaded that the car which struck his truck was being driven by the defendant J. J. Hagan, "who was then an employee of the defendant, The Texas Company, and while in the course of his employment as such employee."

The only evidence that connects either of the defendants with the accident is a stipulation found in the Statement of Facts, as follows: "It is agreed that the car in question was the defendant Texas Company's car."

We doubt that this agreement is sufficient to discharge the burden cast upon the plaintiff requiring him to make out a prima facie case.

In Brown v. City Service Co., 245 S.W. 656, 658, Com. of Appeals decision, expressly adopted by the Supreme Court, we find the following language:

"The Court of Civil Appeals held that the burden of proof was upon the plaintiffs to show that the driver of the automobile did the wrong while acting within the scope of his employment, and complaint of that holding is made here.

"The holding of the Court of Civil Appeals on that phase of the case is correct.

"That the driver of the automobile was acting within the scope of his employment at the time of the injury was an element of plaintiffs' cause of action necessary to their recovery. The burden of proof rests on the party affirming a fact in support of his cause. We think the testimony above quoted is sufficient to sustain that burden unless overthrown by defendant's testimony."

The distinction between the Brown case, from which we have quoted, and the case at bar, is that there was evidence to show that the driver of the offending car was an employee of the defendant, and evidence tending to show that he was engaged in his master's business when the accident occurred.

Here we have a stipulation that the car belonged to the defendant, but neither stipulation nor proof that its driver was an employee of the defendant, and none tending to show that the driver was then acting within the scope of his employment.

There is neither stipulation nor proof tending to show who was the driver, much less any tending to show that it was the employee expressly named as the driver and joined as a party defendant. See National Cash Register Co. v. Rider, Tex.Com.App., 24 S.W.2d 28, reversing Tex.Civ.App., 13 S.W.2d 414, an opinion by the Commission of Appeals, expressly approved by the Supreme Court. See, also, Shrader v. Roberts, Tex.Civ.App., 255 S.W. 469, and Texas Jurisprudence, Vol. 5, para. 161, pages 779, 780, and many cases cited under note No. 19.

864

But this cause was presented solely upon the issue of discovered peril, and we do not believe that this issue was raised.

Taking the testimony of the plaintiff, and it is all of the evidence tending to show how or why the collision took place, he said: that before he attempted to drive his truck across the highway he looked back west and saw an automobile about a mile or a mile and a quarter down the road. He could not tell whether it was moving or standing, at that distance. That when he had driven his truck across the paved portion of the highway and was on the graveled shoulder, "Well, I heard a crash and I felt myself being lifted in the air and I knew that somebody hit the car and it turned over in the air and then it hit the ground. Then it turned again and my head hit the top or something; the top of the car, and that was about the last thing I remember except I just had a faint remembrance of going over again. And the next thing I knew why I could hear something chopping and I found out later they was chopping the top of the car out and pulled me out, and I was dazed, of course, didn't know what was going on but I remember some lady she said that she would take me to the hospital."

■ This evidence not only does not tend to connect both of the defendants with the accident, but is wholly insufficient to raise the issue of discovered peril, even if the defendants were shown to be parties to the accident.

We discussed the doctrine of discovered peril in Texas Electric Service Co. v. Kinkead, Tex.Civ.App., 84 S.W.2d 567, writ dismissed, and we cited and quoted from our Court of Last Resort.

We are of opinion that the trial court erred in not instructing the jury to find for the defendants.

■ Although we do not consider it necessary to a decision in the instant suit, we feel that we should discuss the first issue submitted by the trial court, because we hold that it is distinctly multifarious.

Appellee contends that it is not subject to such criticism and cites us to the opinion in the case of Austin v. De George, Tex.Civ.App., 55 S.W.2d 585, writ dismissed. Appellee says that opinion should be followed, rather than our opinion in Shannon et al. v. Horn, 92 S.W.2d 1090.

The Austin–De George case was decided late in the year 1932, while the Shan-non–Horn case was decided in the Spring of 1936.

Applications for writs of error in each case were dismissed, and we take this opportunity to discuss these two cases.

In the application for a writ of error in the case of Shannon et al. v. Horn et al., Tex.Civ.App., 92 S.W.2d 1090, we find the applicant has summed up his contentions about as follows:

The holding of the Court of Civil Appeals that the defendants were entitled to have the jury charged generally that the defendant had a right to assume that Horn would obey the "stop" sign at the scene of the accident is contrary to every case on the point. (The cases said to be in conflict were cited and copied from in the application.)

The holding of the Court of Civil Appeals that one of the issues on discovered peril was duplicitous is not only in conflict with the cases cited and discussed, but is also in conflict with the well settled rule that where all the facts are undisputed except one, that the issue is not duplicitous.

Among the cases cited and quoted from as supporting the contention that there is a conflict is Austin v. De George, Tex. Civ.App., 55 S.W.2d 585.

The editor, who prepared the Shannon v. Horn case for publication, has set forth five syllibi, showing the rulings of the Court of Civil Appeals, on which the judgment of reversal and remand is predicated.

"1. Duty imposed by doctrine of discovered peril is invoked by actual discovery of peril, not by mere fact that defendant could or ought to have discovered peril.

"2. In intersectional automobile collision case, special issues submitted on question of discovered peril held not objectionable on ground that they did not confine jury's inquiry to specific acts or omissions pleaded.

"3. Special issue as to whether defendant motorist discovered truck driver's perilous situation in time so that he could have avoided intersectional automobile collision by ordinary care held duplicitous and on weight of evidence.

"4. In intersectional automobile collision case, duplicitous special issue on discovered peril held reversible error.

"5. In intersectional automobile collision case, defendants held entitled to instruction, in connection with special issues on discovered peril, that defendant motorist

was not required to anticipate that plaintiffs' decedent would drive truck into intersection and pass by stop sign, but had right to assume that decedent would stop truck before he reached intersection."

It is quite obvious that the Court of Civil Appeals reversed and remanded the Shannon-Horn case because the issue touching discovered peril is duplicitous and on the weight of the evidence, and such court further held that the defendant was entitled to an instruction in connection with the issues on discovered peril, that the defendant was not required to anticipate that the driver of the truck would disobey the "stop" sign and drive into the intersection, but had the right to assume that the truck driver would stop.

It was strenuously urged in the application (which we have studied) that the holding of the Court of Civil Appeals is in direct conflict with the case of Austin v. De George, 55 S.W.2d 585.

An inspection of the opinion in the Austin-De George case shows that the Court of Civil Appeals held that the issue touching discovered peril is not multifarious, but further held that even if it were multifarious that would not require a reversal because the party raising the question had admitted the facts that were incorporated in the issue, and which might render it multifarious.

But all of the holdings in relation to the issue of discovered peril are rendered uncontrolling and are shown to be holdings not necessary to the rendition of the judgment reached by the Court of Civil Appeals, as that court affirmed the judgment rendered for the defendant below because the jury convicted the plaintiff (appellant) of negligence which proximately contributed to the accident.

If we understand fairly well the holdings of the Supreme Court in dismissing the two applications for writs of error, in the cases discussed, that court could well dismiss the application in the Austin-De George case because the judgment of the Court of Civil Appeals was correct, in that the plaintiff below could not recover because of her act of contributory negligence, and the other rulings complained of are immaterial to a decision in that case. But in the Shannon-Horn case, the question of the multifariousness of the discovered peril issue was the principal question which brought about the decision in the Court of Civil Appeals, and if it is in conflict with the holding in the Austin-De George case, even though such holding was not necessary to a determination of the correctness of the judgment of the trial court and that of the Court of Civil Appeals affirming the trial court, it occurs to us that the Supreme Court would have granted a writ and would have approved either the holding of the Waco Court of Civil Appeals or the holding of this court.

We pretermit discussing other propositions raised.

The judgment of the trial court is reversed and judgment is here rendered for appellants.